DEANNA LYNN KNERR ET AL., APPELLANTS, V. MARY JANE
SWIGERD, APPELLEE.

500 N.W.2d 839

Filed June 11, 1993.   No. S-91-057.

Rex R. Schultze and Maureen L. Allman, of Perry, Guthery,
Haase & Gessford, P.C., for appellants.

Karen B. Flowers and James L. Haszard, of McHenry &
Flowers, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN,
FAHRNBRUCH, and LANPHIER, JJ.

LANPHIER, J.

In this action, the plaintiffs-appellants, Deanna Lynn Knerr,
Doreen Miller, Patricia Hicks, and Sherri Moore, petitioned the
district court for Seward County to declare them the equitable
owners of the proceeds of their father's life insurance policy.
They had originally been named beneficiaries of their father's
life insurance in a property settlement agreement in the district
court for Lancaster County, which also provided for child
support until the children reached their majority. The district
court for Lancaster County, after notice to the plaintiffs'
mother, terminated child support and modified the decree to
eliminate the requirement that the plaintiffs be named as
beneficiaries. The district court for Seward County dismissed
the action for lack of jurisdiction. We agree.

## BACKGROUND

The parties submitted the case on the following stipulated
facts: The plaintiffs are four of the five daughters born from
the marriage between John J. Swigerd and the former Evelyn
E. Swigerd. On August 27, 1970, the parents were granted a
divorce in the district court for Lancaster County. The divorce

decree approved the property settlement agreement entered into by John and Evelyn Swigerd. One of the provisions of the decree required John Swigerd to maintain the plaintiffs as beneficiaries of his employer-provided life insurance policy.

When the plaintiffs reached the age of majority, John Swigerd motioned the Lancaster County District Court to terminate his obligation to pay child support and maintain the plaintiffs as beneficiaries of his life insurance policy. Notice of the motion was sent to Evelyn Swigerd's attorney of record. The Lancaster County District Court granted the motion, and subsequently John Swigerd named his second wife, the defendant, Mary Jane Swigerd, as beneficiary.

When John Swigerd died, the defendant received the proceeds of the insurance policy. Claiming a vested interest in the proceeds under the original divorce decree, the plaintiffs filed a petition in Seward County District Court requesting the court to impress a constructive trust on the proceeds in favor of the plaintiffs. The Seward County District Court dismissed the action for lack of subject matter jurisdiction.

The plaintiffs appeal the judgment of the district court and, in their assignments of error, assert that the court abused its discretion (1) in finding that it lacked subject matter jurisdiction, (2) in failing to find that the plaintiffs had a superior equitable right to the proceeds of the life insurance policy, and (3) in failing to impose a constructive trust.

## SUBJECT MATTER JURISDICTION

Citing *Nemec v. Nemec*, 219 Neb. 891, 367 N.W.2d 705 (1985), and *State ex rel. Storz v. Storz*, 235 Neb. 368, 455 N.W.2d 182 (1990), the district court for Seward County found that it had no subject matter jurisdiction over the action because the action was related to a marital relationship and full and complete general jurisdiction over the entire marital relationship and all related matters was vested in the district court for Lancaster County, where the petition for dissolution was filed.

The source of vested jurisdiction in the district court in divorce proceedings is Neb. Rev. Stat. § 42-351 (Reissue 1988). The statute provides that in actions for dissolution,

the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning the status of the marriage, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorneys' fees.

We find that the district court for Seward County was correct in dismissing the action. The plaintiffs urge a construction of the property settlement agreement and subsequent modification which is not apparent from such documents. It would be improper in this case for the district court for Seward County to determine the rights of the parties under a dissolution decree and a modification order issued in Lancaster County. We do not discuss the plaintiffs' remaining assignments of error. When a trial court lacks the power, that is, jurisdiction, to adjudicate the merits of a claim, an appellate court also lacks the power to adjudicate the merits of the claim. *Ev. Luth. Soc. v. Buffalo Cty. Bd. of Equal., ante* p. 351, 500 N.W.2d 520 (1993); *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991).

AFFIRMED.