COUNTY OF LANCASTER, NEBRASKA, APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF PUBLIC INSTITUTIONS, ET AL., APPELLEES.

529 N.W.2d 791

Filed March 31, 1995.   No. S-93-925.

724

Gary E. Lacey, Lancaster County Attorney, and Michael E. Thew for appellant.

Don Stenberg, Attorney General, and David T. Bydalek for appellees.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.
The County of Lancaster initiated a declaratory judgment action in the district court for Lancaster County seeking a determination that the Nebraska Department of Public Institutions and two officials of the department were without legal authority to refuse to accept custody of individuals committed to the department by the Lancaster County Mental Health Board (Board). The district court ruled that the department could refuse acceptance of persons committed to it and that the county did not make the proper demand of the department which would have mandated the active participation of the department in placement of such persons. The county appealed. We find that because the state did not waive its sovereign immunity, the district court lacked jurisdiction to hear

the instant case. Therefore, we reverse the order of the district court and remand the cause to the district court with directions to dismiss the county's action.

## FACTUAL BACKGROUND

This matter was submitted on the following stipulated facts: The county operates a crisis center which houses individuals in need of emergency protective custody prior to a formal commitment hearing before the Board. The county claims that the crisis center is not equipped to provide long-term mental health treatment.

Upon a proper finding, the Board issues orders that individuals are to be committed to the department. On numerous occasions, the department has refused to accept immediate custody of those individuals committed to it by the Board because of lack of appropriate space. In those instances, the committed individuals have remained at the crisis center for as long as 13 days.

The county brought an action for a declaratory judgment seeking a ruling that the department was required by the Nebraska Mental Health Commitment Act, Neb. Rev. Stat. §§ 83–1001 to 83–1078 (Reissue 1987 & Cum. Supp. 1992) (the Act), to accept individuals immediately upon their commitment by the Board.

On September 8, 1993, the district court ruled that the department could refuse to accept individuals under the Act. The court also ruled that the county failed to make a proper demand on the department as required in § 83–1040. The county appeals.

## ASSIGNMENTS OF ERROR

The county assigns as error the district court's finding that the department could refuse to accept individuals under the Act and the court's finding that the county failed to make a proper demand on the department.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial

court. *Nebraska Pub. Emp. v. City of Omaha, ante* p. 468, 528 N.W.2d 297 (1995); *Abdullah v. Nebraska Dept. of Corr. Servs.*, 246 Neb. 109, 517 N.W.2d 108 (1994); *Jaksha v. Thomas*, 243 Neb. 794, 502 N.W.2d 826 (1993).

Just as an appellate court must determine the scope of review in an action for declaratory judgment from the nature of the dispute, so does such a court determine whether sovereign immunity lies. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994). When a lower court lacks the power, that is, the subject matter jurisdiction, to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court. *In re Interest of J.T.B. and H.J.T.*, 245 Neb. 624, 514 N.W.2d 635 (1994); *Richdale Dev. Co. v. McNeil Co.*, 244 Neb. 694, 508 N.W.2d 853 (1993); *Knerr v. Swigerd*, 243 Neb. 591, 500 N.W.2d 839 (1993).

## ANALYSIS

The county seeks a ruling that the department is bound by statutes to accept persons committed to it immediately upon the proper finding of the Board. Subsequent to the September ruling of the district court, this court issued its ruling in *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993). The department argues that the holding in *Riley* is controlling in this case and that the case should be dismissed. In *Riley*, a correctional officer brought a declaratory judgment action against the state concerning the administrative termination of his employment. The district court dismissed his case for lack of subject matter jurisdiction. On appeal, this court agreed that jurisdiction was lacking because the state had not waived its sovereign immunity in declaratory judgment actions.

In *Riley*, this court made three rulings pertaining to declaratory judgment actions against the state: (1) The Nebraska Uniform Declaratory Judgments Act, Neb. Rev. Stat. §§ 25-21,149 to 25-21,164 (Reissue 1989 & Cum. Supp. 1994), is inoperative as a waiver of sovereign immunity; a plaintiff who seeks declaratory relief against the state must find authorization for such remedy outside the confines of the Uniform Declaratory Judgments Act; (2) the Administrative

Procedure Act, Neb. Rev. Stat. §§ 84-901 to 84-920 (Reissue 1987 & ·Cum. Supp. 1992), authorizes only a declaration regarding the validity of any rule or regulation; and (3) the limited waiver of sovereign immunity granted by the Administrative Procedure Act does not confer jurisdiction for declaratory relief concerning a statute. For the purposes of applying the doctrine of sovereign immunity, a suit against an agency of the state is the same as a suit against the state. *Concerned Citizens v. Department of Environ. Contr.*, 244 Neb. 152, 505 N.W.2d 654 (1993).

The instant declaratory judgment action seeks only an interpretation of the statutes in question. Under *Riley*, such an action may not be brought against a department of the state. Since the state has not waived its sovereign immunity, the trial court did not have jurisdiction to hear this case as it applied to the department.

The county contends that the instant case differs from *Riley* in that the county has named as defendants two individuals—officers of the department—in addition to the department. We must determine whether the declaratory judgment action against the individual officers is in reality an action against the state and, therefore, barred by sovereign immunity.

Declaratory or other equitable actions against a state officer or agent attacking the constitutionality of the statute or seeking relief from an invalid act or an abuse of authority by an officer or agent is not a suit against the state and is not prohibited by principles governing sovereign immunity. *Concerned Citizens, supra*; *Bartels v. Lutjeharms*, 236 Neb. 862, 464 N.W.2d 321 (1991); *Rein v. Johnson*, 149 Neb. 67, 30 N.W.2d 548 (1947).

In *Concerned Citizens*, this court dismissed a declaratory action against a state agency, but stated that a suit could be maintained against the director of that agency. We stated that an action against a state officer or agent to obtain relief from an invalid act or from an abuse of authority by the officer or agent is not a suit against the state and is not prohibited by the general principles governing the immunity of the state from suit.

The department argues that a closer examination of these cases reveals that the mere inclusion of a state officer as a party does not necessarily confer jurisdiction . in a declaratory

judgment action. The department points out that in *Bartels* and *Rein*, the declaratory judgment actions attacked the *constitutionality* of a statute. In *Concerned Citizens*, the plaintiff alleged that the Department of Environmental Control had no *authority* to issue a permit to build a hazardous waste incinerator.

The case at bar differs from previous cases wherein this court found that suits against state officials were not barred by sovereign immunity. The county in the instant case has raised no constitutional challenge to the actions taken by the state officials. Furthermore, the county does not seek to prevent the state officials from acting; rather, the county seeks to compel the state officials to act.

In *Philadelphia Life Insurance Co. v. Commonwealth*, 410 Pa. 571, 576, 190 A.2d 111, 114 (1963), a case involving an action by insurers seeking to restrain certain state officers from enforcing an allegedly invalid statute imposing a tax on gross premiums, the court stated:

> The distinction is clear between suits against the Commonwealth which are within the rule of its immunity and suits to restrain officers of the Commonwealth from enforcing the provisions of a statute claimed to be unconstitutional. Suits which seek to compel affirmative action on the part of state officials . . . are within the rule of immunity; suits which simply seek to restrain state officials from performing affirmative acts are not within the rule of immunity.

(Emphasis omitted.) See, also, *Hudgens v. Dean*, 75 Ill. 2d 353, 388 N.E.2d 1242 (1979) (holding that a suit against state officers, which would, if successful, require an affirmative act of the state, is barred by immunity); *State ex rel. Fleming v. Cohn*, 12 Wash. 2d 415, 121 P.2d 954 (1942); *White Eagle Oil & Refining Co. v. Gunderson*, 48 S.D. 608, 205 N.W. 614 (1925).

The individual defendants in the case at bar have been sued in their official capacity. Although the county has not alleged that the individuals acted unconstitutionally, it does assert that by not accepting immediate custody of the Board's commitments, the individuals acted in contravention of their

duties. The county seeks by declaratory judgment to compel the immediate acceptance by the defendants of those people who are committed by the Board. The relief sought against the individual defendants is affirmative and therefore is within the scope of immunity.

## CONCLUSION

Because the action brought by the county is barred by the doctrine of sovereign immunity, the district court did not have jurisdiction to determine the issue. We reverse the order of the district court and remand the cause to that court with directions to dismiss the county's action.

REVERSED AND REMANDED WITH DIRECTIONS.