BAKER'S SUPERMARKETS, INC., APPELLANT, V. STATE OF NEBRASKA, DEPARTMENT OF AGRICULTURE, ET AL., APPELLEES.

540 N.W.2d 574

Filed December 15, 1995. No. S-94-152.

Thomas J. Culhane and Gary L. Hoffman, of Erickson & Sederstrom, P.C., for appellant.

Christian F. Shubert and Mark Galvin, Special Assistant Attorneys General, for appellees.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Lanphier, J.

Baker's Supermarkets, Inc. (Baker's), ·filed a petition for declaratory and injunctive relief regarding the interpretation by the Nebraska Department of Agriculture (Department) of § 1.1.2 of the Uniform Regulation for the Method of Sale of Commodities, which was adopted in Nebraska pursuant to Neb. Rev. Stat. § 89–186(1)(b) (Cum. Supp. 1992). The Department's interpretation of § 1.1.2, which provides in part that strawberries "shall be . . . sold by weight, or by volume" is that Baker's cannot sell strawberries by weight and by volume in the same store at the same time. The Lancaster County District Court dismissed the petition, and Baker's timely filed this appeal. Under the authority granted to us by Neb. Rev. Stat. § 24–1106(3) (Cum. Supp. 1994) to regulate the caseloads of the appellate courts of this state, we removed the appeal to our docket. We affirm the decision of the district court.

## BACKGROUND

In the spring of 1992, Baker's, an Omaha metropolitan grocery store chain, decided to ·sell strawberries by both weight and prepackaged volumes. Ron Anderson, Baker's director of produce marketing, testified that the decision to sell the berries by weight and by prepackaged volumes (which did not disclose weight and price per pound) was made after he reviewed several produce marketing publications. Those publications indicated that some consumers prefer the convenience of prepackaged berries, while others prefer to hand–select berries and purchase them by weight. This marketing decision raised questions at the Department regarding the ability of consumers to readily compare the cost of berries sold by the two marketing methods.

Baker's is subject to the statutory provisions of the Weights and Measures Act, codified at Neb. Rev. Stat. § 89–182.01 et seq. (Cum. Supp. 1992), which governs the use and inspection of weighing devices and regulates the sale of commodities. As part of the Weights and Measures Act, the Legislature incorporated by reference the provisions of the Uniform Regulation for the Method of Sale of Commodities published in

National Institute of Standards and Technology Handbook 130 (Handbook 130) as it existed on June 30, 1992. See § 89–186. Section 1.1.2 applies to the sale of berries and small fruits. Section 1.1.2 provides:

**Methods of Sale**. — Berries and small fruits shall be offered and exposed for sale and sold by weight, or by volume. If sold by volume, they must be:

**(1)** in measure containers that are either open or else covered by uncolored transparent lids or other wrappings that do not obscure the contents, and

**(2)** have capacities per . . . subsection 1.1.2.(2)(b). When selling berries and small fruits by volume in measure containers, whether or not covered, the measure containers themselves shall not be packages for labeling purposes.

. . . .

**(b)** Inch–Pound Capacities – 1/2 dry pint, 1 dry pint, or 1 dry quart.

Some definitions are required. The term "method of sale" as applied to a commodity defines acceptable measurements and expressions of the quantity sold or offered for sale (e.g., weight, volume, area, count, et cetera). In addition, the term "method of sale" can include labeling or other requirements.

Section 1.1.2 provides that berries may be sold by weight, or by volume. The quantity of a commodity sold by weight is measured at the time of sale on a scale. The quantity of a commodity sold by volume is measured in containers, e.g., pint, quart, et cetera. Section 1.1.2 prescribes that the quantity of strawberries sold by volume be ascertained by the use of one–half dry pint, dry pint, and dry quart measure containers.

Section 1.1.2 states that the measure containers used to package strawberries for sale by volume are not packages for labeling purposes. The import of this is that strawberries sold by volume in containers by dry measure are not subject to the federal Fair Packaging and Labeling Act. Thus, no labels giving information such as content and weight are required on a prepackaged pint or quart of strawberries.

When Anderson made the decision to sell strawberries at Baker's both by weight and by volume, he was cognizant of

§ 1.1.2. Anderson interpreted § 1.1.2 to permit Baker's to sell strawberries by weight, by volume, or by both methods of sale. Therefore, Baker's sold strawberries in dry measure containers priced per container, and bulk strawberries priced per pound. The prepackaged containers were not labeled, and Baker's did not provide any information regarding their per–pound price.

In July 1992, an inspector for the Department's division of weights and measures visited a Baker's store and left an inspection report notifying the supermarket that it could not sell strawberries by weight and by prepackaged volume at the same time. The inspection report stated that sales by volume or weight are allowable methods of sale, but berries could not be sold by both methods at the same time and in the same place.

On July 31, 1992, Steven A. Malone, the director of the division of weights and measures, sent a letter to Anderson. The letter informed Anderson that the Department interpreted § 1.1.2 to provide that strawberries can be sold "by weight *or* by volume." Malone underscored the word "or" to give it emphasis. Malone informed Anderson that the use of the word "or" meant that one of the two choices must be selected and that if § 1.1.2 had intended to allow both choices, then the word "and" would have been used. In his letter, Malone referred Anderson to § 2.32 of Handbook 130. A copy of that section is not part of the portion of the handbook in the record before us. However, the letter stated that § 2.32 recognizes the difficulty faced by consumers when more than one method of sale was employed in the same outlet for the same product, and provides that incomparable methods of sale (weight and measure) for the same product in the same outlet should be minimized. Additionally, Malone referred Anderson to § 89–192 of the Weights and Measures Act, which provides that "commodities not in liquid form shall be sold only by weight, by measure, or by count, so long as the method of sale provides the ability for cost comparison and accurate quantity information."

Baker's disagreed with the Department's interpretation of § 1.1.2. When the strawberry season began in 1993, Baker's again offered strawberries for sale in each of its stores by weight and by volume. Department inspectors again notified Baker's that the supermarket chain was in violation of the Department's

interpretation of § 1.1.2. Baker's refused to stop selling strawberries by both methods at the same time, and the Department issued "stop sale" orders.

The Weights and Measures Act includes enforcement provisions. See §§ 89–196.01, 89–197, and 89–198. Ultimately, any person who violates any provision of the Weights and Measures Act or a final order of the Department which has been sustained by a court of law shall be guilty of a Class III misdemeanor. § 89–1,101.

On April 9, 1993, Baker's filed an amended petition for declaratory judgment and injunctive relief in the district court for Lancaster County. Baker's averred that it believed that its conduct was not in violation of the Weights and Measures Act and that a genuine controversy existed between Baker's and the Department regarding the Department's interpretation of the language set forth in § 1.1.2. Baker's stated that the district court had jurisdiction to resolve the controversy pursuant to the Uniform Declaratory Judgments Act, Neb. Rev. Stat. § 25–21,149 et seq. (Reissue 1989 & Cum. Supp. 1992), or Neb. Rev. Stat. § 84–911 (Reissue 1987). Baker's alleged that unless the Department was enjoined from prohibiting the supermarket from offering strawberries for sale by both methods, it would suffer irreparable harm arising from disruption of its business operations and the loss of goodwill it had established with consumers.

In its answer, the Department admitted that the district court had jurisdiction under § 25–21,149. The Department asserted that an injunction should not issue because the parties had entered into an agreement in which the Department promised not to take any action to penalize Baker's or prohibit it from continuing to sell strawberries by both methods during the pendency of this action. The Department denied all other allegations.

The district court held that it had jurisdiction pursuant to § 84–911. On January 5, 1994, the district court denied Baker's petition for declaratory relief and other relief after finding that the Department's interpretation of § 1.1.2 was not clearly wrong, absurd, or unreasonable.

## ASSIGNMENTS OF ERROR

Baker's, the appellant, asserts that the district court erred in (1) determining and holding that § 1.1.2 prohibits a vendor from selling strawberries both by volume and by weight at the same location simultaneously, (2) finding that the Department's interpretation of § 1.1.2 is reasonable in light of the purposes of the Weights and Measures Act, (3) giving deference to the Department's interpretation of § 1.1.2, and (4) entering judgment for the Department and dismissing Baker's petition.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, the reviewing court has an obligation to reach its conclusion regarding questions of law independent from the conclusion reached by the trial court. *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

The meaning of a statute is a question of law, and a reviewing court is obligated to reach its conclusions independent of the determination made by the administrative agency. *Slack Nsg. Home v. Department of Soc. Servs.*, 247 Neb. 452, 528 N.W.2d 285 (1995).

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *SID No. 57 v. City of Elkhorn, ante* p. 486, 536 N.W.2d 56 (1995); *George Rose & Sons v. Nebraska Dept. of Revenue, ante* p. 92, 532 N.W.2d 18 (1995). In addition, this court will, if possible, try to avoid a construction which would lead to absurd, unconscionable, or unjust results. *Nichols v. Busse*, 243 Neb. 811, 503 N.W.2d 173 (1993).

A penal statute is given a strict construction which is sensible and prevents injustice or an absurd consequence. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994).

It is not within the province of a court to read a meaning into a statute that is not warranted by the language; neither is it within the province of a court to read anything plain, direct, and unambiguous out of a statute. *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995).

When considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible. *Rust v. Buckler*, 247 Neb. 852, 530 N.W.2d 630 (1995); *State ex rel. Scherer v. Madison Cty. Comrs.*, 247 Neb. 384, 527 N.W.2d 615 (1995); *AMISUB v. Board of Cty. Comrs. of Douglas Cty.*, 244 Neb. 657, 508 N.W.2d 827 (1993).

## ANALYSIS

### JURISDICTION

The threshold question is, What is the proper statutory basis for jurisdiction over this declaratory judgment action? The district court claimed jurisdiction over the action under § 84–911 of the Administrative Procedure Act, which provides that the validity of any rule or regulation promulgated by an administrative agency may be determined upon a petition for declaratory judgment. Although we agree that the district court had jurisdiction over the matter, its jurisdiction arises under the Uniform Declaratory Judgments Act rather than under § 84–911.

It is the nature of the rule or regulation before us that dictates which of the declaratory judgment statutes applies. The Legislature incorporated into § 89–186 by reference Handbook 130, which contains § 1.1.2 and other applicable regulations, as it existed on June 30, 1992.

The Legislature may lawfully adopt by reference an existing law or regulation of another jurisdiction. *Clemens v. Harvey*, 247 Neb. 77, 525 N.W.2d 185 (1994); *Anderson v. Tiemann*, 182 Neb. 393, 155 N.W.2d 322 (1967). When a regulation is adopted by reference, the effect is the same as if the regulation had been written into the adopting statute. *Clemens v. Harvey, supra*. Therefore, § 1.1.2 is not a rule or regulation promulgated by an administrative agency but is a statute lawfully enacted by the Legislature, and § 84–911 of the Administrative Procedure Act does not apply.

However, the Uniform Declaratory Judgments Act provides that any person whose rights are affected by a statute may have determined any question of construction or validity under the

statute and obtain a declaration of rights. § 25-21,150. Generally, an action for declaratory judgment against the state may not be had without the state's consent, because the Uniform Declaratory Judgments Act does not operate as a waiver of the state's sovereign immunity. *Riley v. State*, 244 Neb. 250, 506 N.W.2d 45 (1993). However, a declaratory judgment action against a state officer or agent which seeks to restrain state officials from performing affirmative acts is not a suit against the state and is not prohibited by principles governing sovereign immunity. See *County of Lancaster v. State*, 247 Neb. 723, 529 N.W.2d 791 (1995).

In its petition, Baker's joined three parties: the State; Larry Sitzman, the director of the Department of Agriculture; and Malone, the director of the Department's weights and measures division. Sitzman and Malone are responsible for whatever action is taken against Baker's for alleged noncompliance with the Department's interpretation of § 1.1.2. Thus, Baker's is entitled to obtain a determination of the validity of the Department's construction of § 1.1.2.

## STATUTORY INTERPRETATION

The applicable standard of review, see above, in this case dictate a strict construction of the applicable statutes because a violation of the Weights and Measures Act could ultimately result in a criminal penalty. Since this is a matter of statutory interpretation, we are obligated to reach our conclusions independent of the determination made by the Department.

The preamble to Handbook 130 states that its purpose is "to require accurate and adequate information about commodities so that purchasers can make price and quantity comparisons." The regulations found in Handbook 130 both proscribe and permit methods of sale for commodities such as butter, bread, flour, meat, poultry, fish, et cetera. For example, according to § 1.4, flour may be packaged and sold only by weight. Section 1.6 provides that fluid milk products shall be packaged for retail sale only by volume, such as pint or gallon. Therefore, milk cannot be sold by the pound and flour cannot be sold by the gallon. Consumers can easily compare the price of milk from different dairies, since the quantity is standard.

Section 1.1.2 states that berries, which includes strawberries, "shall be offered and exposed for sale and sold by weight, or by volume." Does this regulation mean that the retailer can choose either or both methods, or only one method? The Department argues that *or* must be read in the disjunctive and that the retailer must choose one method of sale at a location— weight or volume. Baker's argues that "or" means one, the other, or both of two alternatives.

The Department relies on several cases which interpret the use of the word "or" and stated that its proper usage is disjunctive. See, *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Rapid Film Service, Inc. v. Bee Line Motor Freight*, 181 Neb. 1, 146 N.W.2d 563 (1966); *State ex rel. Finigan v. Norfolk Live Stock Sales Co., Inc.*, 178 Neb. 87, 132 N.W.2d 302 (1964); *Richter v. City of Lincoln*, 136 Neb. 289, 285 N.W. 593 (1939). We have said that "or," when used properly, is disjunctive, and "and" is conjunctive. The words are so frequently interchanged that in construing a civil statute, "or" may be read as "and" where a strict reading would lead to an absurd or unreasonable result and defeat the intent of the statute. *Hoiengs v. County of Adams, supra.*

In its reliance upon the *Hoeings* line of cases, the Department overlooks the possible criminal penalties. Penal statutes must be strictly construed. The Department also overlooks the legal principle that it is not within the province of a court to read a meaning into a statute that is not warranted by its language. See *State v. Cox*, 247 Neb. 729, 529 N.W.2d 795 (1995). The Department would have us hold that § 1.1.2 states that strawberries shall be sold either by weight *or* by volume *but not both at the same time or place.*

Baker's, in its assignments of error, concentrates upon the meaning of § 1.1.2. However, it is not necessary to define whether "or" in § 1.1.2 is conjunctive or disjunctive. Another statutory provision within the Weights and Measures Act clearly limits Baker's ability to use both methods of sale at the same time.

Section 89-192, cited by Malone in his first communication to Baker's regarding this debate, provides that "commodities not in liquid form shall be sold only by weight, by measure, or by

count, so long as the method of sale provides the ability for cost comparison and accurate quantity information." Section 89-192 clearly intends that only one "method of sale" be used where to do otherwise would not allow cost comparisons.

It would be anywhere from difficult to inconvenient for many consumers to accurately compare the cost of strawberries priced by volume in prepackaged containers to the cost of strawberries priced by weight. A consumer would have to weigh the container and then convert arithmetically its fixed volume price to the per-pound price. Requiring the consumer to do that arithmetic conversion in order to compare prices is not within the contemplation of § 89-192. Simultaneous use of both methods of sale would defeat the statutory purpose of providing accurate and adequate information so that purchasers can readily make price and quantity comparisons.

We note that in partial support of its argument, Baker's offered testimony regarding the results of a customer survey. Customers were asked whether they preferred to buy strawberries by the container, by bulk, or by both methods. Over 83 percent of the respondents stated that they wished to have both methods available. However, the issue is not whether a retailer can offer strawberries for sale in bulk and also in prepackaged containers. They can clearly do both. The issue is pricing, not packaging. As such, the question before us is whether strawberries can simultaneously be priced for sale by volume and also priced by weight. There is nothing in the regulations that would prevent Baker's from offering strawberries both in bulk and in prepackaged containers which disclose the weight and per-pound price so that the customer can make price and quantity comparisons.

## CONCLUSION

The decision of the district court denying declaratory relief to Baker's is hereby affirmed.

AFFIRMED.