IN RE ESTATE OF MEINRAD NUESCH, DECEASED.
VERA HEITHOFF AND GERTRUDE PETERSEN, APPELLEES, V.
WILLIAM DEFOREST, PERSONAL REPRESENTATIVE OF THE
ESTATE OF MEINRAD NUESCH, DECEASED, APPELLANT.

567 N.W.2d 113

Filed June 6, 1997.   No. S-95-1017.

Dennis J. Moynihan, of Johnson and Mock, for appellant.

Larry R. Demerath, of Demerath Law Offices, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

WHITE, C.J.

On August 29, 1994, an application for informal probate of will and informal appointment of personal representative in the matter of the estate of Meinrad Nuesch was filed in the county court for Dodge County (application). The application nominated William DeForest as personal representative of the estate. An acceptance of appointment was filed by DeForest, and he was subsequently appointed as personal representative on August 31.

Vera Heithoff and Gertrude Petersen (appellees) filed a petition on November 9, 1994, opposing the probate of Nuesch's will. The matter was originally scheduled to be heard on December 12; however, several continuances were ordered, postponing the date of the hearing to August 7, 1995.

On July 11, 1995, DeForest filed a praecipe and notice of transfer to transfer the proceeding to the district court for Dodge County. Appellees filed an objection to such transfer. On August 21, the county court entered an order sustaining appellees' objection to transferring the will contest to the district court. DeForest subsequently filed an appeal on September 18. Pursuant to our power to regulate the caseloads of this court and the Nebraska Court of Appeals, we on our own motion removed this case to our docket.

DeForest contends on appeal that the county court erred in finding that the notice of transfer was untimely filed pursuant to Neb. Rev. Stat. § 30-2429.01 (Reissue 1995). We agree.

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent conclusion. *In re Estate of Muchemore, ante* p. 119, 560 N.W.2d 477 (1997).

Section 30-2429.01(1) provides as follows:

> If there is an objection to probate of a will . . . the county court shall continue the originally scheduled hearing for at least fourteen days from the date of the hearing. At any time prior to the continued hearing date any party may transfer the proceeding to determine whether the decedent

left a valid will to the district court by filing with the county court a notice of transfer . . . .

DeForest filed the praecipe and notice of transfer on July 11, 1995. Such a filing occurred subsequent to the first continuance of the hearing regarding appellees' petition, but prior to the final continuance of such hearing. The parties differ as to what the statute requires with regard to when a request for transfer of a probate matter must be filed. Appellees argue that § 30-2429.01(1) requires the movant to request a transfer prior to the *first* continuance. DeForest, to the contrary, argues that § 30-2429.01(1) requires the movant to request a transfer prior to the *final* scheduled continuance.

In construing a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997). A plain reading of the statute clearly indicates that a request for transfer may properly have been made by DeForest at any time prior to the hearing set for August 7. Since DeForest filed the notice of transfer on July 11, the request was timely made and the county court erred in sustaining appellees' objection.

REVERSED.