RAYMOND G. ANDERSON, APPELLEE, V. WERNER ENTERPRISES, INC., A NEBRASKA CORPORATION, AND PAUL ANTHONY FREEMAN, APPELLANTS.

581 N.W.2d 104

Filed June 30, 1998.    No. A-97-1272.

Walter Metz, Jr., for appellants.

Mandy L. Strigenz, of E. Terry Sibbernsen, P.C.; Stephen C. Pohl; and Michael R. McKinstry, of Ellis, Li & McKinstry, P.L.L.C., for appellee.

MILLER-LERMAN, Chief Judge, and SIEVERS and MUES, Judges.

MILLER-LERMAN, Chief Judge.

This appeal has its origins in a personal injury lawsuit filed in Montana by Raymond G. Anderson (Anderson) against Werner Enterprises, Inc. (Werner), and the driver of Werner's tractor-trailer, Paul Anthony Freeman (hereinafter referred to as the defendants), for injuries Anderson sustained in a vehicular collision involving Anderson, Freeman, and a third vehicle whose driver is not a party to these Nebraska proceedings. After Anderson filed suit against the defendants in Montana and

received a judgment in his favor, the defendants appealed and filed a supersedeas bond in Montana. After the Montana judgment was entered in Montana, Anderson registered the Montana judgment in Douglas County District Court, apparently because Werner's property and other assets are located in Douglas County. Subsequently, the defendants filed a motion in Douglas County District Court to vacate the Montana judgment and release any liens created by the registration of the Montana judgment in Nebraska. The Douglas County District Court overruled the defendants' motion to vacate the foreign judgment and release any liens, and the defendants appeal. For the reasons set forth below, we affirm the decision of the Douglas County District Court.

## BACKGROUND

On June 6, 1997, a jury in the Eighteenth Judicial District Court, Gallatin County, Montana, returned a verdict in favor of Anderson in the sum of $690,800, which sum was reduced by $25,000, the amount of Anderson's settlement with a third party, to $665,800. On June 9, judgment was entered by the Montana district court in the amount of $665,800 plus interest.

On June 12, 1997, the defendants filed motions in the Montana district court for a new trial, judgment notwithstanding the verdict, and a stay of execution of the judgment.

On August 5, 1997, the Montana district court denied the defendants' motions, and the defendants then renewed their motion for an order staying the execution of the Montana judgment. On August 11, the Montana district court filed an order staying the execution of the Montana judgment for a period of 30 days from August 5.

On September 2, 1997, the defendants filed a notice of appeal and a request for acceptance of a duly executed supersedeas bond. The bond was in the amount of $737,000, an amount sufficient to satisfy the Montana judgment in full, together with costs and interest for 1 year, and was offered because of the pending appeal to the Montana Supreme Court. Subsequently, the Montana district court approved the defendants' bond. The parties appear to concede that at some point, Anderson registered the Montana judgment in Douglas County

District Court, although the exact date of such registration is unclear from the record. The record is undisputed that Anderson has made no attempt to enforce the Montana judgment in Nebraska. In their brief, the defendants express their concern that Anderson will attempt enforcement in Nebraska.

On September 18, 1997, the defendants filed a motion for stay of enforcement of judgment and notice of hearing in Douglas County District Court pursuant to Neb. Rev. Stat. § 25-1587.05 (Reissue 1995). On the same date, the district court for Douglas County filed an ex parte order staying enforcement of the Montana judgment because the Montana judgment was on appeal to the Montana Supreme Court. Due to subsequent rulings, we need make no comment on the correctness of this ruling.

On November 13, 1997, the defendants filed a motion to vacate the Montana judgment which Anderson had registered in Nebraska and asked the Douglas County District Court to release any liens which might arise by operation of the registration of the Montana judgment in Nebraska. In a Douglas County District Court journal entry dated November 24, 1997, the Douglas County District Court overruled the defendants' motion. The defendants appeal.

## ASSIGNMENTS OF ERROR

On appeal, the defendants contend that the Douglas County District Court erred in failing to grant their motion to vacate the Montana judgment and release any liens on Werner's property in Nebraska and that the Douglas County District Court erred in finding that Neb. Rev. Stat. § 25-1587.01 (Reissue 1995) and § 25-1587.05 allow Anderson to register a superseded foreign judgment in Nebraska. Specifically, the defendants contend that they have been prejudiced by Anderson's registration of the Montana judgment in Nebraska because once Anderson registered the Montana judgment, liens attached to Werner's property in Nebraska.

## STANDARD OF REVIEW

■ The question before us is one of statutory interpretation. Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an indepen-

dent conclusion. *In re Estate of Nuesch*, 252 Neb. 610, 567 N.W.2d 113 (1997).

## ANALYSIS

On appeal, the defendants argue that they have been prejudiced by Anderson's registration of the Montana judgment in Nebraska, since "any Douglas County judgment is a lien against [Werner's] Douglas County real estate." Brief for appellant at 6. Anderson contends that a lien on Werner's property in Nebraska is necessary, since "unexpected delays in Werner's Montana appeal now threaten the sufficiency of Werner's bond." Brief for appellee at 6.

After reviewing Nebraska law recited more fully below, we conclude that Anderson is entitled to register the Montana judgment in Nebraska; that the foregoing judgment is treated in a like manner as a Nebraska judgment; and that because the defendants filed a supersedeas bond in Montana, any liens which have or would have attached to Werner's property in Nebraska as a result of Anderson's registration of the Montana judgment in Nebraska have been dissolved. Accordingly, the defendants are not prejudiced by the registration of the Montana judgment, and the trial court did not err in denying their motion to vacate the judgment.

■ Neb. Rev. Stat. § 25-1587.03 (Reissue 1995) permits the filing of foreign judgments and provides in pertinent part,

> A copy of any foreign judgment authenticated in accordance with the act of Congress or the statutes of this state may be filed on or after January 1, 1994, in the office of the clerk of any court of this state having jurisdiction of such action. The clerk shall treat the foreign judgment in the same manner as a judgment of a court of this state.

The parties agree that at some point, Anderson filed the Montana judgment in Nebraska. Once Anderson filed the Montana judgment in Nebraska, the Montana judgment "has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a court of this state and may be enforced or satisfied in like manner." § 25-1587.03.

Neb. Rev. Stat. § 25-1504 (Reissue 1995) provides generally that liens shall attach to real property in the same county upon

entry of judgment in that county and that all other land and goods are so bound upon execution. However, as noted below, in a case such as the present one, such lien is dissolved upon deposit of a supersedeas bond.

■ With respect to foreign judgments, § 25-1587.05(a) provides,

> If the judgment debtor shows the court that an appeal from the foreign judgment is pending or will be taken, or that a stay of execution has been granted, the court shall stay enforcement of the foreign judgment until the appeal is concluded, the time for appeal expires, or the stay of execution expires or is vacated, upon proof that the judgment debtor has furnished the security for the satisfaction of the judgment required by the state in which it was rendered.

■ Furthermore, with respect to Nebraska judgments, Neb. Rev. Stat. § 25-1306 (Reissue 1995) provides,

> In all cases wherein the judgment of any court, for payment of money only, which may be a general lien on property of the judgment debtor, and the debtor proposes to take proceedings in error or by appeal for review of such judgment, he may deposit in the court in which such judgment is rendered the full sum of such judgment, interest and costs, there to abide until termination of such appellate proceedings, and may file bond in such sum as the court or judge thereof may determine, with sureties to the approval of the clerk of such court, conditioned to pay interest on the judgment debt and costs to accrue in event the judgment be affirmed. On such payment being made, and such bond filed and approved, the general lien of the judgment shall be dissolved.

See, also, Neb. Rev. Stat. § 25-1916(1) (Reissue 1995).

In the instant case, both parties acknowledge that the defendants filed a supersedeas bond in Montana and that this bond was approved by the Montana district court. Under Nebraska law, which applies to a foreign judgment after the judgment is filed in Nebraska, once a party appeals a monetary judgment for money only and files a supersedeas bond which is approved by the court in which judgment was rendered, the general lien resulting from the judgment is dissolved.

Regarding Anderson's argument that the supersedeas bond filed in Montana by the defendants is now insufficient to protect Anderson's interests, we note parenthetically that rule 7(b) of the Montana Rules of Appellate Procedure states that "[o]n application, the supreme court in the interest of justice may suspend, modify, restore, or grant any order made under this subdivision." Mont. Code Ann. § 25-21-Rule 7(b) (1997). The Montana order approving Anderson's supersedeas bond was an order made under rule 7(b). Therefore, it would appear that under Montana practice, Anderson is entitled to apply to the Montana Supreme Court to increase the amount of the defendants' bond if he feels his interests are no longer protected by the supersedeas bond originally filed and approved in Montana.

## CONCLUSION

The defendants' filing of a supersedeas bond in Montana dissolved any liens which attached to the Montana judgment registered in Nebraska. The defendants were not prejudiced by Anderson's registration of this Montana judgment in Nebraska. After reviewing the record and the applicable law, we find that the Douglas County District Court did not err in overruling the defendants' motion to vacate the Montana judgment.

AFFIRMED.