REQUESTED BY: Douglas D. Christensen Commissioner of Education
This opinion is written in response to your request that we interpret statutory changes made to Neb. Rev. Stat. § 84-1601
during the most recent legislative session. Specifically, you have requested that we opine as to whether the statute authorizes the Nebraska Department of Education ["NDE"] to extend specified insurance benefits to temporary employees who are directly hired by the NDE from sources other than the temporary employee pool which has been established, pursuant to Neb. Rev. Stat. §81-1307(6) (Supp. 1997), within the Nebraska Department of Administrative Services.
Prior to the 1998 legislative session, only permanent state employees were entitled to receive health, disability, and dental insurance benefits provided by the Nebraska State Insurance Program. See Neb. Rev. Stat. § 84-1601 — 84-1615 (1994). Earlier this year, the Unicameral enacted LB 1162, a measure which expanded insurance benefits to "temporary" state employees as follows:
 Temporary employees of the state who have a work assignment of at least six months' duration and who work at least twenty hours per week may purchase health insurance through the Nebraska State Insurance Program. . . . For purposes of this subsection, temporary employees means individuals (a) employed in the Temporary Employee Pool as described in subdivision (6) of section 81-1307 and (b) hired directly by state agencies. In no event shall a temporary employee mean an individual hired through a private employment agency. The provisions of this subsection shall terminate on July 1, 1999.
Neb. Rev. Stat. § 84-1601(2) (as amended by 1998 Neb. Laws, LB 1162, § 85). Therefore, the insurance coverage provided to all state employees shall, effective July 15, 1998,[1]
"be afforded to each permanent state employee who works one-half or more of the regularly scheduled hours during each pay period, . . . and to each temporary employee only as described in [§ 84-1601(2)]. . . ." Neb. Rev. Stat. § 84-1604 (as amended by 1998 Neb. Laws, LB 1162, § 86).
Enactment of LB 1162 also amended Neb. Rev. Stat. §81-1307(6) to now[2] provide that
 (a) The [Director of the Nebraska Department of Administrative Services' personnel division] shall administer the Temporary Employee Pool containing applicants from which state agencies can draw when in need of a short-term labor supply; and
 (b) State agencies must receive approval from the [Director of the Nebraska Department of Administrative Services' personnel division] before hiring any temporary employee.[3]
Based upon the statutory changes effected by enactment of LB 1162, you have asked us to construe whether the NDE has the authority to extend insurance benefit coverage to its temporary employees. The temporary employees utilized by the NDE have been obtained both through the Temporary Employee Pool and by direct hire, apart from the pool, on a contractual basis.
 Standard of Review
In discerning the meaning of a statute, the Nebraska Supreme Court has directed that we determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. Baker's Supermarkets, Inc. v. NebraskaDepartment of Agriculture, 248 Neb. 984, 540 N.W.2d 574 (1995). As a general rule, in the absence of an indication to the contrary, the words used by the Legislature in a statute will be given their ordinary meaning. Id.; State v. Sorenson,247 Neb. 567, 529 N.W.2d 42 (1995). A statute is open for construction, however, whenever the language used requires further interpretation or may reasonably be considered to be ambiguous.Omaha Public Power Dist. v. Nebraska Dep't of Revenue,248 Neb. 518, 537 N.W.2d 312 (1995). If further interpretation of a statute is necessary, then the history of the legislative enactment may be considered in determining the Legislature's intent in adoption of the statute. Otto v. Hahn, 209 Neb. 114,306 N.W.2d 587 (1981).
 Analysis
Following enactment of LB 1162, the plain language of Neb. Rev. Stat. § 84-1601(2) clearly provides that insurance coverage may be provided to temporary employees who are "(a) employed in the Temporary Employee Pool as described in subdivision (6) of section 81-1307 and (b) hired directly by state agencies."[4] We find that the Legislature's phrasing of the statute leads to two possible constructions of the text. Under one construction, "temporary employees" would be only those individuals who are both employed through the Temporary Employee Pool (established under § 81-1307(6)) and
hired by state agencies through that pool. Under the second construction, "temporary employees" would be either those individuals who are employed through the Temporary Employee Poolor who are hired directly by state agencies from outside of the pool.[5]
Normally, the Legislature's use of the word "and" between the two groupings of employees would indicate that both conditions within the statute be satisfied in order to fall within the definition of "temporary employee" established in §84-1601(2). See Hoiengs v. County of Adams, 245 Neb. 877,516 N.W.2d 223 (1994). The Legislature has specifically provided that "[w]ords and phrases shall be construed and understood according to the common and approved usage of the language. . . ." Neb. Rev. Stat. § 49-802(5) (1993). The common and approved use of the word "and" is that it is "[a] conjunction connecting words or phrases expressing the idea that the latter is to be added to or taken along with the first." Black's Law Dictionary, p. 79 (5th ed. 1979). Clearly, had the Legislature desired to have insurance coverage extended either to temporary employees who worked in the state's pool or to those who were directly hired by state agencies, the legislators could have substituted the word "or" for the word "and" in § 84-1601(2). The Legislature's failure to do so, however, does not necessarily allow us to conclude that only those employees who fall within both of the statutory groupings may be entitled to the insurance coverage.
The Nebraska Supreme Court has indicated that "[t]he laxity in the use of the conjunctive `and' and the disjunctive `or' is so frequent that the doctrine has been accepted that they are interchangeable and that one may be substituted for the other if to do so is necessary to give effect to any part of a statute or to effectuate the intention of the Legislature." Ledwith v.Bankers Life Ins. Co., 156 Neb. 107, 125, 54 N.W.2d 409 (1952);see also Baker's Supermarkets v. State, 248 Neb. 984,540 N.W.2d 574 (1995). In its Baker's decision, the court found that, in construing a civil statute, the words "or" and "and" may be interchanged "where a strict reading [of the civil statute] would lead to an absurd or unreasonable result and defeat the intent of the statute." 248 Neb. at 993, 540 N.W.2d at ___.
Therefore, we turn to the history of the LB 1162 enactment in order to ascertain the Legislature's intent in adoption of insurance coverage expansion. During debate on the measure, Senator Don Wesely, the chief sponsor of the insurance coverage changes[6] remarked that the measure was submitted
 to deal with the problem . . . that we have increased the use of temporary workers in state government, but at the time same time we've increased the utilization of temporary workers, we have done so at the cost of health care benefits for these workers.
. . .
 Currently, there are something like right at about 18,000 state employees in the State of Nebraska. . . . And there are just over 1,800 that are temporary workers, so slightly more than 10 percent of the state employees are temporary workers. . . . So these workers do not now qualify for health benefits. . . . The temporary employee pool, also referred to as SOS, has, out of the 1,848 temporary workers, they have 725. So slightly more than a third of the temporary workers are through the temporary pool. . . .
Floor Debate on LB 1162, 95th Neb. Leg., 2nd Sess. 14604 — 14617 (March 24, 1998) (Statement of Sen. Wesely). In addition, the Committee Statement issued by the Banking, Commerce, and Insurance Committee concurrent with its advancement of the pertinent legislation, states as the purpose of the proposed measure was to amend state statutes providing insurance coverage to all state employees so that temporary employees could purchase health insurance through the Nebraska State Insurance Program if the temporary employees satisfied established criteria. Committee Records on LB 1194, 95th Neb. Leg., 2nd Sess. (1998).
Nothing in the history of this legislation indicates an intent to limit the insurance benefit expansion to only those temporary employees whose services are directly obtained by state agencies through the Temporary Employee Pool. Therefore, while we acknowledge that Neb. Rev. Stat. § 84-1601(2) is subject to two separate constructions, we find that the Legislature's intent was to expand insurance coverage benefits to those "temporary employees" who are either 1) employed in the Temporary Employee Pool described in Neb. Rev. Stat. § 81-1307(6), or 2) are hired directly by a state agency.
As a final note, we remind the agency that the expansion of insurance coverage to these "temporary employees" sunsets, by operation of law, on July 1, 1999. It would be prudent for the NDE to advise eligible insurance recipients of the current benefit termination provision in order to prevent an employee from having any expectancy in insurance benefits beyond that date.
Sincerely,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
APPROVED:
Don Stenberg
Attorney General
[1] July 15, 1998, is the operative date of the insurance coverage changes created by the enactment of LB 1162.
[2] The effective date of this provision is July 15, 1998. See note 1.
[3] Pursuant to Neb. Rev. Stat. § 81-1316(1) (Cum. Supp. 1996), the Nebraska Department of Education — as well as other specified independent agencies, and legislative, judicial, and constitutional offices — are exempt from the requirements of Neb. Rev. Stat. § 81-1307(6).
[4] These temporary employees must also 1) have a work assignment of at least six months' duration, and 2) work at least 20 hours per week in order to be entitled to insurance benefit coverage. Neb. Rev. Stat. § 84-1601 (2) (as amended by LB 1162, § 85).
[5] The statute clearly restricts from insurance benefit coverage, any temporary employee hired by any state agency when the employee has been hired through a private employment agency. Neb. Rev. Stat. § 84-1601 (2).
[6] The insurance coverage changes discussed herein were originally contained in LB 1194, introduced by Senator Wesely. The text of the bill was submitted for legislative action as an amendment (AM3881) to 1162.