REQUESTED BY: John Breslow, Auditor of Public Accounts
This is in response to your request for an opinion of the Attorney General relating to the application of the provisions of Neb. Rev. Stat. § 33-150 (Supp. 1997) and, "[s]pecifically, which boards or commissions should be paying the fifteen percent fee." Section 33-150 requires the State Treasurer to credit the General Fund with a stated percentage of all fees received by state boards, bureaus, divisions, funds and commissions. It is our opinion that five percent of all fees received by state entities enumerated in the statute and all other state boards, bureaus, divisions, funds, and commissions are required to be credited to the General Fund by the State Treasurer. The five percent amount of all fees is subject to a limitation equal to fee amounts credited to the General Fund during the fiscal year 1994-95. The only exception from the transfers to the General Fund are those funds expressly exempted in the statute.
 I. FEE AMOUNTS CREDITED TO THE GENERAL FUND
As with any question of statutory interpretation, we begin with the language of the statute. Section 33-150 states:
 The State Treasurer shall credit to the General Fund a percentage of all fees remitted to the state treasury by the state boards of examiners in medicine and surgery, chiropractic, respiratory care, dentistry, including fees from dental hygiene, medical nutrition therapy, athletic training, massage therapy, optometry, pharmacy, funeral directing and embalming, including fees received from funeral establishments and branch establishments, as defined in section 71-1301, as well as funeral directors and embalmers, podiatry, veterinary medicine, and mental health practice, the Board of Occupational Therapy Practice, the Board of Cosmetology Examiners, the Board of Barber Examiners, the Board of Nursing, the State Real Estate Commission, the Board of Engineers and Architects, the State Athletic Commissioner, the Nebraska Oil and Gas Conservation Commission pursuant to sections 57-906 and 57-911, and any other state board, bureau, division, fund, or commission not mentioned in this section, if and when the percentage of all such fees remitted is appropriated or reappropriated to the General Fund by the Legislature for the uses and purposes of the General Fund during any biennium. The amount credited in any fiscal year for any such board, bureau, division, fund, or commission shall not exceed the amount credited in fiscal year 1994-95 for the board, bureau, division, fund, or commission. Until July 1, 1997, the percentage shall be fifteen percent, from July 1, 1997, through June 30, 1998, the percentage shall be ten percent, and from July 1, 1998, through June 30, 1999, the percentage shall be five percent. After June 30, 1999, the State Treasurer shall not credit any amount from the fees. Nothing in this section shall be construed to apply to the fees inuring to the Nebraska Brand Inspection and Theft Prevention Fund and the Licensee Assistance Cash Fund and funds of the State Racing Commission. (Emphasis added).
In the first instance, we point out that language used in the statute regarding transfers of fee amounts to the General Fund is mandatory in nature. That is, the State Treasurer is required to credit the percentage of fees remitted to the State Treasury by all state boards, bureaus, divisions, funds, and commissions. The general rules of construction for statutes are set forth in Neb. Rev. Stat. § 49-802 (1993) which in particular part states, ". . . (1) When the word may appears, permissive or discretionary action is presumed. When the wordshall appears, mandatory or ministerial action is presumed." (Emphasis added). Accordingly, the State Treasurer is required to credit the fee amounts to the General Fund in the percentages prescribed by statute.
We think that the legislative intent is clearly expressed in the language of § 33-150. The express language, ". . . a percentage of all fees remitted to the state treasury by the state boards . . . and any other state board, bureau, division, fund, or commission," is direct and unambiguous. Legislative intent is the cardinal rule of statutory interpretation. Estateof Nuesch, 252 Neb. 610, 567 N.W.2d 113 (1997); County of Sewardv. Andelt, 251 Neb. 713, 559 N.W.2d 465 (1997). Further, the intent of the Legislature is to be ascertained from the entire language of the statute considered in its plain, ordinary and popular sense. Baker's Supermarkets, Inc. v. State, Dept. ofAgriculture, 248 Neb. 984, 540 N.W.2d 574 (1995); Application ofJantzen, 245 Neb. 81, 511 N.W.2d 504 (1994).
As you have stated, it is the purpose of your office, "to determine which boards or commissions which are not specifically listed should be making this transfer." The listing of state boards, commissions and funds prepared by the Office of the State Treasurer has been reviewed. It appears that the listing does not include all state entities having sources of fees that are required to be credited to the General Fund. For example, the Game and Parks Commission derives fees from various sources (see
i.e. Neb. Rev. Stat. § 81-814.02 (1996)) and neither the Commission nor funds established by the Commission are included in the listing.
As you have noted, a percentage of the fees of the State Board of Landscape Architects apparently has not been credited to the General Fund and the Board is not included in the listing of the Treasurer's Office. This Board is authorized to establish fees for registration applications and for examinations under the provisions of Neb. Rev. Stat. §§ 81-8,194 and 81-8,197 (1996).
As a practical matter, we recommend that your office or the Treasurer's Office contact the Accounting Division of the Department of Administrative Services to obtain a complete detailing of all state boards and entities having fee sources. The Accounting Division maintains and administers the state accounting system. In this respect, the Accounting Division is best able to provide comprehensive information pertaining to all cash funds and state entities with fee revenue sources.
 II. APPROPRIATION PROVISIONS
As we have concluded, the proper percentage of fees to be credited to the General Fund for the current fiscal year, 1998, through June 30, 1999, is five percent subject to the limitations and exceptions set forth in § 33-150 and to appropriation by the Legislature. LB 1108, § 260 (Laws 1998) appropriated funds for state programs and provides that the State Treasurer transfer five percent from all fees of state boards, bureaus, divisions, funds, and commissions to the General Fund pursuant to the limitations of § 33-150. For the prior fiscal year 1997-98, the percentage of fees amounts required to be transferred to the General Fund was ten percent. See § 33-150
and LB 389 (Laws 1997).
 III. EXCEPTIONS AND LIMITATIONS
Section 33-150 has granted exceptions to certain commissions and funds. Presently, fees received by the Nebraska Brand Inspection and Theft Prevention Fund and the Licensee Assistance Cash Fund and funds of the State Racing Commission are not subject to the transfer requirements of the statute. This is further indicia that the Legislature anticipated that the broad language of the statute include all state entities not specifically enumerated. Thus, we conclude that the transfer provisions of § 33-150 apply to all state boards, funds and entities having fee income except those entities expressly exempted by statute.
While the percentage of fee amounts to be credited for fiscal year 1998-99 is five percent, the amounts to be credited are subject to a limitation of amounts previously credited to the General fund. Section 33-150 states in particular part that "[t]he amount credited in any fiscal year for any such board, bureau, division, fund, or commission shall not exceed the amount credited in fiscal year 1994-95 for the board, bureau, division, fund, or commission." Accordingly, the amount of fees to be transferred to the General Fund during the current fiscal year would be equal to five percent of fee amounts or the amount credited in fiscal year 1994-95 for the board, bureau, division, fund, or commission, whichever is the lesser amount.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General