THOMAS STEPHEN HICKS, JANE LEA HICKS, VONNIE MONROE HICKS, III, AND HENRY WEST HICKS v. JEAN S. HICKS, EXECUTRIX OF THE ESTATE OF VONNIE M. HICKS, JR. AND JEAN S. HICKS, INDIVIDUALLY

No. 8110SC1218

(Filed 1 February 1983)

**Declaratory Judgment Act § 4.6; Wills § 73— action to construe will provisions— no justiciable controversy**
    Plaintiffs' complaint was insufficient to present a claim justiciable under the Declaratory Judgment Act and G.S. 1A-1, Rule 57 as to the interpretation of two allegedly ambiguous articles of a will where the complaint failed to allege the existence of any property subject to disposition pursuant to such articles and failed to allege that defendant executrix has made any claims or taken any actions which cast uncertainty upon plaintiffs' rights under the will.

APPEAL by plaintiffs from *Brannon, Judge.* Order entered 21 August 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 2 September 1982.

This is an action under the Uniform Declaratory Judgment Act, G.S. 1-253, et seq., wherein the plaintiffs Thomas Stephen Hicks, Jane Lea Hicks, Vonnie Monroe Hicks, III and Henry West Hicks, adult children of the testator by a former marriage, seek an interpretation of Articles IV and VI of the Last Will and Testament of their father, Vonnie Monroe Hicks, Jr. The defendant, Jean S. Hicks, surviving widow and executrix of the decedent's estate, filed a response to plaintiffs' complaint which *inter alia* moved to dismiss the complaint for failure to state a claim justiciable under and by virtue of G.S. 1-253, et seq. and Rule 57 of the Rules of Civil Procedure. Defendant's answer denies that any question of fact or law arises with respect to the language of the will. A hearing was conducted. The trial court considered the motions then outstanding, heard arguments of counsel and allowed the defendant's motion to dismiss, "upon grounds set forth in said motion." The plaintiffs' action was dismissed without prejudice to any and all rights which plaintiffs may have in connection with the administration of the decedent's estate. From the dismissal of their complaint, plaintiffs appeal.

*Thomas Stephen Hicks, for plaintiff appellants.*

*Walter L. Horton, Jr., for defendant appellee.*

JOHNSON, Judge.

The question on appeal is whether the trial court erred in allowing the defendant's motion to dismiss upon the grounds set forth in the motion that plaintiffs' complaint failed to state a claim justiciable under the Uniform Declaratory Judgment Act, G.S. 1-253 et seq. and Rule 57 of the Rules of Civil Procedure. We find no error and affirm.

The Last Will and Testament of Dr. Vonnie Monroe Hicks, Jr. was admitted to probate and his surviving widow, Jean H. Hicks, qualified as the executrix of his estate on 29 January 1980. At the time of probate the will was not accompanied by a document which was incorporated therein by reference. On 14 January 1981 the plaintiffs filed an action under the Uniform Declaratory Judgment Act to interpret the provisions of Articles IV and VI of the will.

Article IV states:

My wife, JEAN S. HICKS, is a joint owner with me with right of survivorship of funds on deposit in our names in checking and savings accounts, and of certificates of deposit, shares of stock or beneficial interests, government and municipal bonds. Our residence at 847 Holt Drive, Raleigh, North Carolina, is likewise jointly owned by us as tenants by the entireties. It is my intent that all of the foregoing property will have passed to my wife upon my death by operation of law, and not by virtue of any provision of this will. If for any reason, however, there shall be any claim, action or suit alleging or contending that any portion of the foregoing is solely owned by me, and is includable in my residuary estate, then in such event it shall be deemed that I have given, bequeathed and devised to my wife, JEAN S. HICKS, all of my interest in and to any and all such property.

Article VI states:

I have heretofore entered into an office and expense sharing agreement with Dr. William W. Foster, effective July 1, 1977 now in full force and effect. If at the time of my death I continue to be engaged in the practice of medicine under the foregoing arrangement with Dr. Foster, or any continuation or amendment to such agreement, the same is by this reference incorporated herein as if fully set forth for the purpose of clarifying this Article. Subject to the terms and conditions of the foregoing agreement, all proceeds from the sale or disposition of all tangible property and all accounts receivable related to or arising out of my medical practice, shall be deemed included in my residuary account.

In the complaint, plaintiffs allege that by reason of contended patent and latent ambiguities in Articles IV and VI of the will "questions have arisen" as to whether certain property described passes under Article IV or into the residuary estate for distribution under Article V to the plaintiff legatees, Dr. Hicks' adult children by his former marriage. The two questions plaintiffs contend to have arisen with respect to Article IV are as follows:

Whether funds on deposit in checking and savings accounts, and of certificates of deposit, shares of stock or beneficial in-

terests, government and municipal bonds in the name of the testator only pass to Jean S. Hicks or whether they pass into the residuary estate.

Whether shares of stock or the proceeds thereof owned by the testator and Jean S. Hicks as tenants in common but not as joint tenants with rights of survivorship pass to Jean S. Hicks or whether they pass into the residuary estate.

With respect to Article VI, plaintiffs initially presented a question as to whether the office and expense sharing agreement dated 1 July 1977, under which Dr. Hicks and Dr. William W. Foster engaged in the practice of medicine, was required to be filed as a part of the probate of the will and administration of the estate. Subsequently, copies of the agreement and an amendment thereto were filed with the Assistant Clerk of Superior Court, Wake County. By subsequent amendment to the complaint plaintiffs allege an additional question to have arisen with respect to Article VI:

"Whether the office and expense sharing agreement that the decedent entered into with Dr. William W. Foster, effective 1 July 1977, which was incorporated by reference into the will of Vonnie M. Hicks, Jr. could be properly amended subsequent to the date of execution of said will."

An action for a declaratory judgment will lie only in a case in which there is an actual or real existing controversy between parties having adverse interests in the matter in dispute. *Lide v. Mears,* 231 N.C. 111, 56 S.E. 2d 404 (1949); *Kirkman v. Kirkman,* 42 N.C. App. 173, 256 S.E. 2d 264 (1979). In this appeal, plaintiffs argue that the alleged patent ambiguity contained in Article IV and latent ambiguity contained in Article VI give rise to an "actual, genuine existing controversy" as to the proper interpretation of the will in question.

In determining whether an actual controversy exists in the present case the following principles concerning the scope of the Declaratory Judgment Act must be kept in mind:

[The Act] does not undertake to convert judicial tribunals into counselors and impose upon them the duty of giving advisory opinions to any parties who may come into court and

ask for either academic enlightenment or practical guidance concerning their legal affairs . . .

. . .

While the Uniform Declaratory Judgment Act thus enables courts to take cognizance of disputes at an earlier stage than that ordinarily permitted by the legal procedure which existed before its enactment, it preserves inviolate the ancient and sound juridic concept that the inherent function of judicial tribunals is to adjudicate genuine controversies between antagonistic litigants with respect to rights, status, or other legal relations.

*Lide v. Mears, supra* at 117-118, 56 S.E. 2d at 409.

In *Consumers Power v. Power Co.,* 285 N.C. 434, 439, 206 S.E. 2d 178, 182 (1974), the Supreme Court defined the applicable test for determining a motion to dismiss pursuant to Rule 12(b)(6) as follows:

A Motion to Dismiss pursuant to Rule 12(b)(6) performs the same function as the old common law general demurrer. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161. Thus well pleaded allegations in the Complaint and such relevant inferences of fact which might be deduced therefrom are taken as true. The Motion to Dismiss will be allowed only when the Complaint affirmatively shows that plaintiff has no cause of action. *Forrester v. Garrett, Comr. of Motor Vehicles,* 280 N.C. 117, 184 S.E. 2d 858; *Sutton v. Duke, supra.* The Motion is seldom an appropriate pleading in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail. It is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual genuine existing controversy.

Application of this test to the plaintiffs' complaint reveals that no actual, genuine and presently existing controversy exists as to construction of the will in question. Plaintiffs have made no factual allegations to support their contention that "questions have arisen" under the will. As a preliminary matter we note that the complaint contains no allegations that the defendant executrix has in any manner failed to do any act required by law or that

there is any impropriety arising from the administration of her husband's estate. Plaintiffs seek neither an accounting nor distribution. There are no allegations that there has in fact been distribution of any assets of the estate of Vonnie M. Hicks contrary to the provisions of the will, or that any such action is threatened. The complaint does not allege that defendant has made any claims or taken any actions which cast uncertainty upon plaintiffs' rights under the will.

It is not necessary for one party to have an actual right of action against another for an actual controversy to exist which would support declaratory relief. However, it is necessary that the courts be convinced that the litigation appears to be unavoidable. *Consumers Power v. Power Co.*, *supra* at 450, 206 S.E. 2d at 189. Plaintiff's complaint contains not even the slightest hint that circumstances exist rendering litigation unavoidable.

Most importantly the complaint fails to contain allegations that (1) the decedent was the sole owner at the time of his death of any funds on deposit in checking and savings accounts, and of certificates of deposit, shares of stock or beneficial interests, government and municipal bonds; (2) the decedent was owner as tenant in common with Jean S. Hicks of shares of stock or proceeds thereof; and (3) that the office and expense sharing agreement, incorporated by reference into the will, was in fact amended subsequent to the date of execution of the will.[1]

Without even these bare factual premises, plaintiffs' complaint lacks well pleaded allegations from which relevant inferences of fact might be deduced to determine if they indeed have a cause of action against defendant. In other words, the complaint fails to allege the existence of any property or amendment to the expense sharing agreement that gives rise to the questions plaintiffs present and to actual controversy between the parties. There are simply no allegations in the complaint that defendant has advanced an interpretation of the will which conflicts with plaintiffs' understanding of the will. In fact, no particular interpretation of the will is urged by plaintiffs in their complaint.

---

1. A copy of the expense sharing agreement was not included in the record on appeal.

The mere fact that "questions have arisen" in the minds of the plaintiffs as to what might happen to certain categories of property, should they be shown to exist, does not mean that an actual controversy exists as to a proper construction of Article IV of the will and the respective rights of the parties thereunder. The complaint does not state what language in Article IV is patently ambiguous and what language in Article VI is latently ambiguous. Until it is clear what property Article IV will be applied to and what extrinsic fact exists rendering the language of Article VI latently ambiguous, the plaintiffs' "questions" remain academic and purely abstract. This is far too early a point in the administration of the decedent's estate to answer the questions raised by plaintiffs.

It is not required for purposes of jurisdiction under the Uniform Declaratory Judgment Act that the plaintiff allege that his rights have been invaded by the defendant prior to commencement of the action. Nevertheless, the courts have construed the law in such a manner that the jurisdiction may be protected against mere academic inquiry when the questions presented are altogether moot, arising out of no necessity for the protection of any rights or avoidance of any liability, and where the parties have only a hypothetical interest in the decision of the court. *Tryon v. Power Co.*, 222 N.C. 200, 22 S.E. 2d 450 (1942).

The plaintiffs' "questions" as they are presented in the complaint do not provide a jurisdictional basis in that settlement of the plaintiffs' rights under the will must be made in reference to their rights in particular items of property and not in the abstract. Unless and until it is alleged that certain property exists, that the office agreement was amended after the will was executed and that defendant has made conflicting or improper claims to such property or agreement, no actual controversy exists upon which declaratory relief may be predicated. The complaint fails to state a claim upon which relief may be granted.

We have carefully examined plaintiffs' other argument regarding dismissal of the complaint and find it to be without merit.

Affirmed.

Chief Judge VAUGHN and Judge HILL concur.