RYDER TRUCK RENTAL, INC., APPELLANT, V. HELEN ROLLINS AND
JOHN H. CROM, APPELLEES.

518 N.W.2d 124

Filed July 1, 1994.   No. S-92-1134.

Leif D. Erickson, of Cassem, Tierney, Adams, Gotch &
Douglas, for appellant.

Wadie Thomas, Jr., and Lavon Stennis for appellee Rollins.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE,
FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

CAPORALE, J.

In this declaratory judgment action, the district court held
that as the owner of the van-type vehicle the plaintiff-appellant,
Ryder Truck Rental, Inc., rented to the defendant-appellee
John H. Crom, Ryder is jointly and severally liable with Crom
for any damages sustained by the defendant-appellee Helen
Rollins, arising from the collision between the vehicle she was
operating and the van Crom was operating. Claiming error in
that ruling, Ryder appealed to the Nebraska Court of Appeals;
we, on our own motion, removed the case to this court in order
to regulate the caseloads of the two courts. We now reverse the

judgment of the district court and remand the cause with the direction that it be dismissed.

On September 1, 1991, Crom entered into a written "Rental Agreement" with Ryder at Hinesville, Georgia, for a day of local use of the van. The relevant provisions of the agreement gave Ryder the right to terminate the agreement at any time and provided that Crom's failure to return the vehicle at the designated destination within 3 days of the specified time constituted an unauthorized taking, in which event Ryder could consider the vehicle stolen and issue theft notices and warrants for Crom's arrest and take such other steps as Ryder might deem reasonable. In addition, Crom agreed not to permit the vehicle to be used in violation of any law or to be operated in a reckless or abusive manner.

Crom did not return the vehicle at the scheduled time, and it was reported stolen to the Hinesville Police Department. An Omaha police officer later came upon Crom in a restricted area and told him to leave. Afterward, the officer determined that the vehicle Crom was driving, or the registration plate it bore, had been reported stolen. When the officer attempted to stop the departing van, Crom accelerated, and a chase ensued. At some point, Crom stopped the van, and when the police cruiser approached him, Crom put the van into reverse and rammed the cruiser. Crom continued to flee and during the continuing police chase struck the automobile Rollins was operating. Crom ultimately pled guilty to theft of the van and other charges.

Ryder subsequently filed this action, asking the district court to construe the agreement and to find that Crom stole the van and was operating it in violation of the agreement, that Crom operated the van in a reckless and abusive manner in violation of Nebraska's motor vehicle statutes, that the agreement is a Georgia contract which should be construed and interpreted in accordance with the laws of that state, and that Ryder has no vicarious liability to Rollins under the provisions of Neb. Rev. Stat. § 39-6,193 (Reissue 1988) or otherwise.

In general, § 39-6,193 makes the owner of certain types of vehicles leased to others jointly and severally liable with the lessee and the operator for damage occasioned by operation of

the vehicle in Nebraska. Although Ryder alleges that Rollins asserted a claim against it for damages arising out of the collision, Rollins denies that she has done so. We neither find nor are we pointed to any evidence in this regard.

Our first task is to determine whether a declaratory judgment action may or should be used as a means by which a prospective defendant may obtain a declaration of nonliability. In essence, we must determine whether the trial court abused its discretion in exercising its jurisdiction in this matter.

Neb. Rev. Stat. § 25-21,149 (Cum. Supp. 1992) provides that the courts

> shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

In addition, Neb. Rev. Stat. § 25-21,151 (Reissue 1989) permits a contract to be construed either before or after there has been a breach thereof.

We have previously addressed an issue similar to the one now before us in *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981). The insureds therein appealed from a declaratory judgment entered by the district court holding that the insurance company was not obligated to defend the insureds or to pay any judgment rendered against them under the terms of a policy of insurance issued by Allstate to the insureds. While this court found that the insurance company had a duty to defend the insureds, it refused to grant declaratory judgment as to the carrier's obligation to pay. Noting that the existence of a controversy is required to maintain an action for a declaratory judgment, we held that such an action could not be used to "decide the legal effect of a state of facts which are future, contingent, or uncertain." *Id.* at 188, 313 N.W.2d at 638. We therefore ruled that until it was determined that the insured was legally obligated to pay the injured party, the question of the insurer's obligation was uncertain and contingent. However,

citing two earlier cases, we recognized that there might be appropriate circumstances wherein a carrier's obligation to pay could be determined prior to a determination of an insured's liability.

Although this case does not involve an insurer, and we need not here explore the circumstances under which an insurer may obtain a declaration of its rights, *Allstate Ins. Co.*'s holding is relevant in that it clearly requires the existence of an actual controversy as a prerequisite to declaratory relief. See, *Boyles v. Hausmann, ante* p. 181, 517 N.W.2d 610 (1994); *Jaksha v. State*, 241 Neb. 106, 486 N.W.2d 858 (1992); *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989); *Mullendore v. Nuernberger*, 230 Neb. 921, 434 N.W.2d 511 (1989).

A court should refuse a declaratory judgment unless the pleadings present a justiciable controversy which is ripe for judicial determination. See *Skowron v. Skowron*, 259 Wis. 17, 47 N.W.2d 326 (1951). Therefore, an action for a declaratory judgment cannot be used to decide the legal effect of a state of facts which are future, contingent, or uncertain. *Boyles v. Hausmann, supra*; *Mullendore v. Nuernberger, supra*; *Allstate Ins. Co. v. Novak, supra*.

While it is not necessary that one party have an actual right of action against another to satisfy the jurisdictional requirement of an actual controversy, it is necessary that litigation appear unavoidable. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E.2d 59 (1984); *Consumers Power v. Power Co.*, 285 N.C. 434, 206 S.E.2d 178 (1974); *Stabler, et al., v. Ramsey, et al.*, 32 Del. Ch. 547, 88 A.2d 546 (1952); *Ex parte State*, 241 Ala. 304, 2 So. 2d 765 (1941); *Hicks v. Hicks*, 60 N.C. App. 517, 299 S.E.2d 275 (1983). Mere apprehension or the mere threat of an action or a suit is not enough. *Gaston Bd. of Realtors v. Harrison, supra*; *McKinnon v. Lane*, 285 S.W.2d 269 (Tex. Civ. App. 1955). See *Third Nat. Bank in Nashville v. Carver*, 31 Tenn. App. 520, 218 S.W.2d 66 (1948) (declaratory judgment act does not enable courts to make declaration with regard to claim which complainant merely fears defendant may assert in future). Contra *N.J. Home Builders Ass'n v. Div. on Civil Rights*, 81 N.J. Super.

243, 195 A.2d 318 (1963), *aff'd sub nom. David v. Vesta Co.*, 45 N.J. 301, 212 A.2d 345 (1965) (existence of claim or threat of possible claim disturbing peace of plaintiffs' freedom by casting doubt or uncertainty upon rights or status establishes requisite condition of justiciability for declaratory judgment action). Nor is a declaratory judgment action to be used to adjudicate hypothetical or speculative situations which may never come to pass. *Commonwealth Insurance Agency, Inc. v. Arnold*, 389 S.W.2d 803 (Mo. 1965) (claim against insurance company presents concrete, not hypothetical, situation). The declaratory judgment proceedings do not " 'require the court to give a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when occasion might arise.' " *Gaston Bd. of Realtors v. Harrison*, 311 N.C. at 234, 316 S.E.2d at 62 (quoting *Tryon v. Power Co.*, 222 N.C. 200, 22 S.E.2d 450 (1942)).

Here, Ryder seeks to have a declaration of nonliability before Rollins has sued anyone. We do not know if Rollins will bring suit against Ryder nor in which state such a suit may be brought. Moreover, even if we assume that Rollins will bring suit against Ryder, we still lack the requisite knowledge as to the claims Rollins would assert. She may, for example, assert that Ryder is vicariously liable under § 39-6,193 or through some other theory under the laws of Nebraska or Georgia; or, as discussed by Ryder in its brief, Rollins may instead file suit against the city of Omaha because her injuries were incurred during a police chase. Therefore, the required element of controversy does not exist and may never do so.

Finally, Rollins seeks no damages herein; consequently, this action will not end the controversy. We have previously ruled that a court should enter a declaratory judgment only where such judgment would terminate or resolve the controversy between the parties. *Omaha Pub. Power Dist. v. Nuclear Elec. Ins. Ltd.*, 229 Neb. 740, 428 N.W.2d 895 (1988); *VisionQuest, Inc. v. State*, 222 Neb. 228, 383 N.W.2d 22 (1986); *Beatrice Manor v. Department of Health*, 219 Neb. 141, 362 N.W.2d 45 (1985). See Neb. Rev. Stat. § 25-21,154 (Reissue 1989). The court must make a full and complete declaration, and where it will be necessary to bring another action or proceeding to settle

the controversy, declaratory judgment will not be granted. *Graham v. Beauchamp*, 154 Neb. 889, 50 N.W.2d 104 (1951); *Dobson v. Ocean Accident & Guarantee Corporation*, 124 Neb. 652, 247 N.W. 789 (1933).

This does not, however, mean that the mere filing of a suit would render this case a proper one for declaratory judgment. Neb. Rev. Stat. § 25-21,163 (Reissue 1989) suggests that the statutes dealing with declaratory judgment be interpreted in conformity with the interpretation of other jurisdictions which have like statutes. With that suggestion in mind, we note that federal case law clearly establishes the rule that a declaratory judgment action should not be entertained when it is initiated by a prospective tort defendant. *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir. 1969), *cert. denied* 395 U.S. 959, 89 S. Ct. 2100, 23 L. Ed. 2d 745 (declaratory judgment denied where general contractor sought declaration it did not "have charge of" work being performed by employees of masonry subcontractor who were injured); *Frito-Lay, Inc. v. Dent*, 373 F. Supp. 771 (N.D. Miss. 1974); *States Steamship Company v. Featherstone*, 240 F. Supp. 830 (D. Or. 1965) (relief denied where shipowner sought declaration of nonliability for injuries to crewmembers caused by assault of coworkers); *Sun Oil Co. v. Transcontinental Gas Pipe Line Corp.*, 108 F. Supp. 280 (E.D. Pa. 1952), *aff'd* 203 F.2d 957 (3d Cir. 1953) (no declaratory relief where operator of tanker sought declaration of nonliability for damage to underwater pipeline fouled by plaintiff's anchor); *Aktiebolaget Bofors v. United States*, 93 F. Supp. 134 (D.C. 1950), *aff'd* 194 F.2d 145 (D.C. Cir. 1951) (no action may be entertained for declaratory judgment adjudicating that defendant is guilty of tort).

The federal courts reason that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor would be a perversion of declaratory judgment proceedings. *Cunningham Brothers, Inc. v. Bail, supra* (sustaining suit would force injured party to litigate claim he may not have wanted to litigate at time which might be inconvenient to him or which might precede his determination of the full extent of damages, and in forum chosen by alleged tort-feasor); *Frito-Lay, Inc. v. Dent, supra.*

See *Aetna Casualty & Surety Co. v. Yeatts*, 99 F.2d 665 (4th Cir. 1938). A court should not grant declaratory relief for a party who simply is in a position of one expecting to be sued and who desires an anticipatory adjudication at the time and place of its choice of the validity of defenses it expects to raise. See *Hanes Corp. v. Millard*, 531 F.2d 585 (D.C. Cir. 1976).

In addition, the *Cunningham Brothers, Inc.* court observed that the primary purpose of declaratory judgment proceedings is to prevent the accrual of avoidable damages to those not certain of their rights and to afford them an early adjudication without waiting until their adversaries should see fit to begin suit after damage had accrued. Where it is not contended that the action is brought to avoid damages which would accrue if a certain course of conduct were taken in the future, the suit must fall within some other purpose of declaratory judgment proceedings if it is to be entertained. *Id.*

It appears as well that the majority of state jurisdictions which have addressed this question have also held that a trial court should not exercise jurisdiction over a suit for declaration of nonliability by a potential or, in some instances, actual defendant. See, *Abor v. Black*, 695 S.W.2d 564 (Tex. 1985) (declaratory judgment filed by potential defendant in tort action seeking declaration of nonliability should not be entertained because defendant in effect chooses time and forum for trial by beating potential plaintiff to courthouse and filing suit seeking declaration of nonliability); *Howlett v. Scott*, 69 Ill. 2d 135, 370 N.E.2d 1036 (1977); *Donadio v. Cunningham*, 58 N.J. 309, 277 A.2d 375 (1971); *Employers' Fire Ins. Co. v. Beals*, 103 R.I. 623, 240 A.2d 397 (1968); *Ennis v. Casey*, 72 Idaho 181, 238 P.2d 435 (1951); *Bankers & Shippers Ins. Co. v. Kildow*, 9 Ark. App. 86, 654 S.W.2d 600 (1983); *Allstate Ins. Co. v. Shuman*, 163 Ga. App. 313, 293 S.E.2d 868 (1982); *K.M.S. Research Laboratories v. Willingham*, 629 S.W.2d 173 (Tex. App. 1982); *Watson v. Sansone*, 19 Cal. App. 3d 1, 96 Cal. Rptr. 387 (1971). Only in *Ditzler v. Spee*, 288 Minn. 314, 180 N.W.2d 178 (1970), has a state court allowed the use of a declaratory judgment action to litigate tort liability. In so doing, the court did not abrogate the basic rule cited above, but only found the circumstances of its case distinguishable.

The function of a declaratory judgment is to determine justiciable controversies which either are not yet ripe for adjudication by conventional forms of remedy or, for other reasons, are not conveniently amenable to the usual remedies. *Krieger v. Krieger*, 25 N.Y.2d 364, 254 N.E.2d 750, 306 N.Y.S.2d 441 (1969). See, *Volkswagenwerk v. Watson*, 181 Ind. App. 155, 390 N.E.2d 1082 (1979) (declaratory judgment statute not intended to eliminate well-known causes of action nor to substitute appellate court for tribunal of original jurisdiction where issues are ripe for litigation through usual processes; such statute intended to furnish full and adequate remedy when none existed before it); *In the Matter of Dewar*, 169 Mont. 437, 548 P.2d 149 (1976) (not purpose of declaratory judgment to provide substitute for other regular actions); *Rego Industries, Inc. v. American Mod. Metals Corp.*, 91 N.J. Super. 447, 221 A.2d 35 (1966) (denied declaratory relief where controversy had progressed to point where relief could be obtained in ordinary lawsuit).

Thus, we have noted that declaratory judgment does not lie where another equally serviceable remedy is available. *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992); *Moore v. Black*, 220 Neb. 122, 368 N.W.2d 488 (1985). Here, the wrong (that is to say, the collision) has occurred, and declaratory relief is not necessary to protect Ryder from the accrual of further damages or to guide it in some future act. Any of Ryder's defenses to liability can be presented without any consequential harm to Ryder if and when Rollins brings suit against it.

In these circumstances, we hold that declaratory relief is inappropriate, since more effective relief can and should be obtained in other proceedings. See *Aetna Casualty & Surety Co. v. Yeatts*, 99 F.2d 665 (4th Cir. 1938) (benefits of declaratory judgment should not be extended unless there is actual controversy between parties, and even then court should not decide disputed question if result would be merely to anticipate trial of issue involved in pending case or to determine validity of defense which could be tried equally well therein or to try controversy piecemeal without complete decision of

matters in dispute).

As suggested by the judge in *Township of Ewing v. Trenton*, 137 N.J. Eq. 109, 110, 43 A.2d 813, 814 (1945), the declaratory judgment proceeding was not "intended to be utilized defensively to bag in advance an imminent and impending law suit." See, also, *Independent Tape Merchant's Association v. Creamer*, 346 F. Supp. 456 (M.D. Pa. 1972) (not to be granted if issuance appears calculated to reward winner of race to courthouse).

Accordingly, we reverse the judgment of the district court and remand the cause with the direction that it be dismissed.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.