RICHARD HAUSERMAN ET AL., APPELLEES, V. CONNIE STADLER,
AN INDIVIDUAL, APPELLANT, AND BRENT LEWIS,
CITY ZONING INSPECTOR OF THE CITY OF MINDEN,
KEARNEY COUNTY, NEBRASKA, ET AL., APPELLEES.

554 N.W.2d 798

Filed November 8, 1996.    No. S-94-1149.

Kent A. Schroeder, of Ross, Schroeder, Brauer, & Romatzke, for appellant.

Bradley J. White, of Helmann Sullivan & White, P.C., for appellees Richard Hauserman et al.

Kent A. Hadenfeldt, of Luebs, Leininger, Smith, Busick & Johnson, for appellees Brent Lewis et al.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

CONNOLLY, J.

The appellant, Connie Stadler, built a fence around her yard in Minden, Nebraska. Stadler's neighbors successfully sought a declaratory judgment in which the district court determined that a fence is a "structure" as defined by the Minden city code and that Stadler was therefore required to obtain a zoning certificate authorizing the construction. Stadler appeals, contending that a declaratory judgment is an inappropriate remedy and that a zon-

ing certificate is not required for constructing a fence. We conclude that a declaratory judgment was not appropriate in this case because a declaratory judgment is preemptive in nature and other serviceable remedies existed.

## BACKGROUND

Stadler, a resident of Minden, decided to build a privacy fence around her yard in July 1992. Before the building commenced, Stadler asked city officials if she would need a permit for the fence. Stadler was informed by Brent Lewis, the city zoning inspector, that the City of Minden had no ordinance dealing with fences and that she therefore did not need a building permit or zoning certificate prior to building. Because Stadler's house is located on a state highway, however, Lewis suggested that Stadler contact state officials regarding possible restrictions on building her fence. Stadler then contacted the Nebraska Department of Roads office in Holdrege, Nebraska, and was informed that the state could not restrict the building of her fence, provided it did not cross the sidewalk.

In September 1992, Stadler's general contractor began to drill the holes where the fenceposts would be. Before the actual construction began, Stadler once again approached Lewis to determine if a building permit or zoning certificate was needed. This time, Lewis visited the site of the fence and once again assured Stadler that the building of the fence would not be contrary to any city ordinance. Lewis also informed Stadler's contractor that no building permit or zoning certificate was needed for the fence.

The fence was completed at the end of October 1992. The fence consists of double boarding, a concrete curb around the base, and posts set in concrete. The approximate height of the fence is 6 feet.

Richard Hauserman lives next door to Stadler. Hauserman testified that he observed the construction taking place and was able to determine that a fence would ultimately be built. Upset with the prospect of having "a fence for a neighbor," Hauserman contacted city officials to determine if a zoning certificate or building permit was required for the building of the fence and was told there was no such requirement.

After the fence was completed, Hauserman, along with Donald Berndt and Austin Dodge, also neighbors of Stadler, all three hereinafter collectively referred to as "the appellees," complained to members of the city council at its December 7, 1992, meeting. Pursuant to the request of the council, the appellees made a written request to the city that some action be taken regarding Stadler's building of her fence without a permit. In response to this request, Lewis issued an opinion that Stadler did not need a building permit or zoning certificate for her fence.

Pursuant to city ordinance, the appellees filed an appeal of Lewis' opinion to the planning and zoning commission of the City of Minden, sitting as the board of adjustment. The commission sustained the appeal and determined that Stadler was required to obtain a zoning certificate prior to constructing her fence. Stadler successfully appealed this decision to the city council, sitting as the "Official Board of Adjustment." The council affirmed the decision of Lewis, finding that there was no city ordinance dealing with fences and that Stadler was therefore not required to obtain a zoning certificate.

The appellees, apparently in an effort to cover all bases, appealed the city council decision to the district court for Kearney County in three separate actions: a petition in error, a petition on direct appeal, and a declaratory judgment action. The district court dismissed, without explanation, the first two causes of action for want of jurisdiction, but allowed the declaratory judgment action to proceed to trial. The appellees did not appeal the dismissals of the petition in error or the petition on direct appeal.

In their amended petition for a declaratory judgment, the appellees sought a judgment from the district court, declaring the following:

(1) That the fence constructed by Defendant Stadler is a "structure" under the provision[s] of §15-202.02 and/or §15-202.28 of the Zoning Code of the City of Minden . . . .

(2) That as a "structure", the construction of said fence is subject to the restrictions and requirements of said zoning code . . . .

(3) That the decision of Defendant Lewis that Defendant Stadler need not file an application for said permit and said certificate was contrary to the relevant provisions of said code;

(4) That the provision[s] of [N]eb. Rev. Stat. §19-901 et seq. (reissue 1991) were violated by the Defendant City Council when it "acted" as the "Official Board of Adjustment of the City of Minden";

(5) That the Construction of said fence by Defendant Stadler was illegal for the reason that it violated the relevant cited provisions of said code; and

(6) That said fence having been constructed illegally, the City of Minden shall cause the fence to be removed.

Stadler responded to the petition by filing a demurrer, alleging among other things, that a declaratory judgment is improper because there is another pending action between the same parties for the same cause.

The district court overruled the demurrer and allowed the declaratory judgment action to proceed to trial. Upon conclusion of trial, the district court issued a declaratory judgment, stating that a fence is a structure as defined by the city ordinances of Minden and that a zoning permit must be obtained to properly authorize the construction of a fence. The court therefore ordered Stadler to apply for a zoning permit for her completed fence.

The appellees subsequently filed a motion to reconsider and/or for a new trial. In this motion, the appellees requested the district court to reconsider its findings and issue new findings stating that the court's order requiring a "zoning permit" to authorize construction be changed to require either a "zoning certificate" or a "building permit," in that there is no such thing as a "zoning permit" under the Minden city code. The appellees also requested that the findings of the court be modified to provide that the fence, having been built without the appropriate certificates and permits, constitutes a continuing violation and that as a continuing violation should be removed by the City of Minden.

This motion was denied, except that the court did make a nunc pro tunc entry modifying the findings to state that the

structure required a zoning certificate and that Stadler was therefore required to make application for a zoning certificate and not a zoning permit.

Stadler appeals the declaratory judgment order.

## ASSIGNMENTS OF ERROR

Stadler asserts that the district court erred (1) in finding that a declaratory judgment was an appropriate remedy in this case, (2) in determining that a fence is a structure within the meaning of the Minden city code, and (3) in finding that Stadler should be required to obtain a zoning certificate for the fence she built.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial court. *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 549 N.W.2d 172 (1996); *Southern Neb. Rural P.P. Dist. v. Nebraska Electric*, 249 Neb. 913, 546 N.W.2d 315 (1996); *Baker's Supermarkets v. State*, 248 Neb. 984, 540 N.W.2d 574 (1995).

## ANALYSIS

Resolving the appeal before us necessarily requires us to first address Stadler's contention that a declaratory judgment is not an appropriate remedy in this case, because it is a threshold issue that may be determinative in this appeal.

This declaratory judgment action was initiated pursuant to Neb. Rev. Stat. § 25-21,150 (Reissue 1995), which provides:

> Any person interested under a deed . . . or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

A declaratory judgment is by definition forward-looking, for it provides " 'preemptive justice' designed to relieve a party of uncertainty before the wrong has actually been committed or the damage suffered." *Barelmann v. Fox*, 239 Neb. 771, 788,

478 N.W.2d 548, 559 (1992). In addition, "[t]he function of a declaratory judgment is to determine justiciable controversies which either are not yet ripe for adjudication by conventional forms of remedy or, for other reasons, are not conveniently amenable to the usual remedies." *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 257, 518 N.W.2d 124, 128 (1994). In harmony are our repeated statements that a declaratory judgment action should not be entertained where another equally serviceable remedy is available. *Ryder Truck Rental v. Rollins, supra*; *Zarybnicky v. County of Gage*, 196 Neb. 210, 241 N.W.2d 834 (1976).

In addressing the appropriateness of the use of a declaratory judgment in this case, we must ascertain the precise relief sought by the appellees. Although the appellees claim they are simply trying to enforce the Minden zoning ordinances, an examination of their amended petition for declaratory judgment and motion to reconsider shows that the appellees ultimately want to have the fence removed. It is undisputed that the fence was completed prior to the filing of this action.

In *Barelmann v. Fox, supra*, we examined the appropriate use of a declaratory judgment in a situation analogous to the instant case. At issue in that case was whether the Barelmanns could seek a declaratory judgment regarding whether or not the sheriff conducted a replevin of goods in violation of state laws. Of particular importance was the fact that the replevied property had already been turned over to the bank by the time the declaratory action was brought. Keeping in mind that a declaratory judgment provides "preemptive justice," we held that this fact precluded the use of a declaratory judgment because the alleged harm, namely the wrongful replevin of goods, had already occurred. In addition, a declaratory judgment was also held to be inappropriate because the Barelmanns had other, equally serviceable remedies available to them. In light of these other remedies, we stated that "the Barelmanns cannot be allowed to bring an action for declaratory judgment simply because their other remedies, for one reason or another, failed or were not pursued." *Id.* at 789, 478 N.W.2d at 560.

Applying these principles to the instant case leads us to conclude that the district court was incorrect in issuing a declara-

tory judgment. Similar to the situation in *Barelmann,* the alleged harm in the instant case, namely the building of the fence without a zoning certificate, had already occurred by the time the appellees brought this declaratory judgment action. Thus, a declaratory judgment requiring Stadler to obtain a certificate to "authorize" construction of her fence *after* it was completed is necessarily retroactive in nature and therefore fails to provide "preemptive justice." Moreover, the appellees had other, equally serviceable remedies available to them, as evidenced by the simultaneous filing of a petition in error and a petition on direct appeal from the decision of the city council, acting as the board of adjustment. In accordance with our reasoning in *Barelmann,* the dismissal of these other remedies in no way facilitates the use of a declaratory judgment. Accordingly, we hold that a declaratory judgment is inappropriate in this case and should not have been issued.

### CONCLUSION

The district court erred in issuing a declaratory judgment in this matter. This determination makes it unnecessary for us to address the remaining assigned errors.

REVERSED AND DISMISSED.

GERRARD, J., not participating.