THE MEDICAL PROTECTIVE COMPANY, APPELLEE,
v. DANIEL D. SCHREIN, APPELLEE, AND
ROCHELLE B. ET AL., APPELLANTS.
582 N.W. 2d 286

Filed July 17, 1998.   No. S-95-687.

James E. Harris and Timothy K. Kelso, of Harris, Feldman, Stumpf Law Offices, for appellants.

Mark A. Christensen and Gregory S. Heier, of Cline, Williams, Wright, Johnson & Oldfather, for appellee Medical Protective Co.

WHITE, C.J., CAPORALE, CONNOLLY, and GERRARD, JJ., and BOSLAUGH and GRANT, JJ., Retired.

PER CURIAM.

The Medical Protective Company (Medical Protective) brought this declaratory judgment action against former medical doctor Daniel D. Schrein (Schrein) and five of his former patients (the claimants). Medical Protective sought a declaration that under the professional liability policies issued to Schrein, there was no duty to defend or to indemnify Schrein with respect to the claimants. Both Medical Protective and the claimants moved for summary judgment. The district court granted Medical Protective's motion for summary judgment and denied the claimants' motion, finding that Schrein's conduct did not constitute "professional services" within the meaning of the professional liability policies issued by Medical Protective. The claimants appealed from this determination, and we removed the case to our docket pursuant to our power to regulate the caseloads of the Nebraska Court of Appeals and this court.

## FACTS

Schrein was a medical doctor who practiced as a pediatrician in Omaha at all relevant times. Medical Protective provided Schrein with professional liability coverage during the periods of time at issue. In each of the relevant professional liability policies, the insurer agreed to defend and pay damages for claims "based on professional services rendered or which should have been rendered" by Schrein. Each policy also contained exceptions to coverage for particular conduct. The policies which were in effect from September 7, 1965, through September 10, 1977, excluded coverage for damages resulting from the performance of a "criminal act." The policies which were in effect from November 1, 1986, through November 1, 1990, excluded coverage for damages resulting from the performance of a "criminal act, willful tort or sexual act." However, each policy provided that Medical Protective would defend Schrein even if coverage was precluded under these exclusions.

On August 1, 1990, the State of Nebraska filed a petition for disciplinary action against Schrein based on allegations that Schrein had engaged in improper sexual contact with his minor patients. On January 8, 1991, the Department of Health found that Schrein had committed grossly immoral and dishonorable conduct, in violation of Neb. Rev. Stat. § 71-147(2) (Reissue 1990), and unprofessional conduct, in violation of § 71-147(10), and revoked Schrein's license to practice medicine. In addition, on May 15, Schrein was convicted in the district court for Douglas County of five felony counts of sexual assault of a child. The conviction was affirmed. *State v. Schrein*, 244 Neb. 136, 504 N.W.2d 827 (1993).

The underlying facts related to each of the claimants in the instant case are, briefly, as follows:

*Claimant No. 1 (male):* Claimant No. 1 saw Schrein from 1986 through 1990. In 1989, claimant No. 1 saw Schrein for a junior-high physical. He reported that Schrein made him sit on the doctor's lap in the nude while Schrein rubbed his legs and his testicles.

*Claimant No. 2 (female):* Claimant No. 2 saw Schrein from 1986 until June 1990. Claimant No. 2 reported that Schrein digitally penetrated her vagina during examinations, watched her dress and undress, and made her "turn around" in front of him when she was nude.

*Claimant No. 3 (male):* Claimant No. 3 saw Schrein from 1972 through 1990. In January 1987, claimant No. 3 developed an antibiotic-induced scrotal infection which Schrein called excoriation of the scrotum. Schrein was also treating claimant No. 3 for recurring meatitis (an inflammation of the meatus, the tip of the urethra). During this examination, Schrein applied ointment to claimant No. 3's penis and twice manipulated his penis to the point of ejaculation. Schrein then invited claimant No. 3 to his home that evening to play video games at which time they would take another sperm sample.

*Claimant No. 4 (female):* Claimant No. 4 saw Schrein from 1979 through 1990. In July 1989, claimant No. 4 saw Schrein for a school physical, including her first pelvic exam. Claimant No. 4 reported that Schrein fondled her breasts, inserted fingers

into her vagina, and manipulated her vulva area. Before claimant No. 4 dressed, Schrein had her sit on his lap and tickled her thighs. Schrein asked her whether she had any boyfriends and whether she was sexually active.

*Claimant No. 5 (female):* Claimant No. 5 saw Schrein from 1969 to 1975. Claimant No. 5 claims that Schrein repeatedly would have her sit on his lap nude while he stroked her body and discussed sexual behavior. Schrein performed an inordinate number of pelvic examinations on her for a girl of her age, digitally penetrating her vagina or using foreign objects such as a glass test tube and a penlight.

Schrein claims that the treatments given to the claimants were legitimately required medical services. However, Drs. Harlan C. Shriner and Douglas Ebers each testified that in his opinion, Schrein's conduct was unprofessional and bore no relation to the medical treatment of the claimants.

Claimant No. 5 filed a lawsuit against Schrein in the district court for Douglas County on August 8, 1991. Schrein requested that Medical Protective defend and indemnify him in this lawsuit. The other claimants have each made claims against Schrein. Schrein has requested that Medical Protective defend and indemnify him in connection with each of these claims.

Medical Protective filed a declaratory judgment action against Schrein and each of the above claimants. Medical Protective asked the district court to determine whether it had a duty to defend or indemnify Schrein against these claims under the terms of the policies. Both Medical Protective and the claimants filed motions for summary judgment.

The district court granted Medical Protective's motion for summary judgment and overruled the claimants' motion. The district court found that because Schrein admitted to the conduct alleged in the claims, there was no material issue of fact and that the characterization of Schrein's conduct was a matter of law. The district court concluded that Schrein's conduct was not within the scope of professional services as intended by the insurance policy. The claimants appealed from this ruling. Schrein did not cross-appeal.

## STANDARD OF REVIEW

The dispositive issue in this appeal presents a question of law, in connection with which an appellate court has an obligation to reach a conclusion independent of the determination made by the court below. See *Schram Enters. v. L & H Properties*, 254 Neb. 717, 578 N.W.2d 865 (1998).

## ASSIGNMENTS OF ERROR

Summarized and restated, the assertions of the claimants are that the district court erred in (1) entering a declaratory judgment in this action, (2) determining that Schrein's professional liability policies did not cover the alleged misconduct, (3) failing to find that Medical Protective was collaterally estopped from asserting its interpretation of the policy, (4) refusing to admit Schrein's medical records, and (5) refusing to admit the affidavit of the claimants' expert.

## ANALYSIS

The claimants contend that the district court erred in failing to determine that it lacked subject matter jurisdiction to enter a declaratory judgment against them in the instant case.

Neb. Rev. Stat. § 25-21,149 (Reissue 1995) provides that the courts

> shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.

In addition, Neb. Rev. Stat. § 25-21,151 (Reissue 1995) permits a contract to be construed either before or after there has been a breach thereof.

Our initial task is to determine whether a declaratory judgment action may or should be used as a means by which a tortfeasor's liability insurer may obtain a declaration of noncoverage that is binding against an injured person in a later action. Schrein did not appeal the district court's grant of summary judgment in favor of Medical Protective. Thus, the narrow ques-

tion we must decide is whether the trial court erred in exercising its jurisdiction over *the claimants* in this matter.

We have previously addressed an issue similar to the one now before us in *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981), and, more recently, in *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994). In *Allstate Ins. Co. v. Novak, supra*, the insureds therein appealed from a declaratory judgment entered by the district court holding that the insurance company was not obligated to defend the insureds or to pay any judgment rendered against them under the terms of a policy of insurance issued by Allstate to the insureds. While this court found that the insurance company had a duty to defend the insureds, we refused to grant declaratory judgment as to the carrier's obligation to pay. The act which gave rise to the declaratory judgment action concerned an alleged assault and battery by one of the insureds against a third party; the controversy between the insured and the third party had not yet been resolved. Noting that the existence of a controversy is required to maintain an action for a declaratory judgment, we held that such an action could not be used to "decide the legal effect of a state of facts which are future, contingent, or uncertain." *Id.* at 188, 313 N.W.2d at 638. We therefore ruled that until it was determined that the insured was legally obligated to pay the injured party, the question of the insurer's obligation was uncertain and contingent.

However, the instant case is one step removed from *Allstate Ins. Co. v. Novak, supra*, because there was a lack of privity between the claimants and the tort-feasor's liability insurer, as the claimants were not parties to the insurance contract between Schrein and Medical Protective. Nonetheless, the holding in *Allstate Ins. Co.* is relevant in that it clearly requires the existence of an actual controversy as a prerequisite to declaratory relief. See, also, *Ryder Truck Rental v. Rollins, supra*; *Boyles v. Hausmann*, 246 Neb. 181, 517 N.W.2d 610 (1994); *Jaksha v. State*, 241 Neb. 106, 486 N.W.2d 858 (1992).

The function of a declaratory judgment is to determine justiciable controversies which either are not ripe for adjudication by conventional forms of remedy or, for other reasons, are not conveniently amenable to the usual remedies. *Hauserman v.*

*Stadler*, 251 Neb. 106, 554 N.W.2d 798 (1996); *Ryder Truck Rental v. Rollins, supra*. A declaratory judgment action cannot be used to determine the legal effects of a set of facts which are future, contingent, or uncertain. At the time that the declaration is sought, there must be an actual justiciable issue from which the court can declare law as it applies to a given set of facts. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995); *Ryder Truck Rental v. Rollins, supra*.

We have previously noted that as a general rule, there is no privity between an injured person and the tort-feasor's liability insurer. For this reason, direct actions against liability insurance carriers based on the negligence of the insured are not permitted in Nebraska. *West Neb. Gen. Hosp. v. Farmers Ins. Exch.*, 239 Neb. 281, 475 N.W.2d 901 (1991). For the same reason, it would be illogical and inconsistent to permit a tort-feasor's liability insurer to seek in a direct action a declaration of noncoverage that is binding against an injured person in a later action.

Here, Medical Protective seeks to have a declaration of noncoverage binding on the claimants before any controversy has been resolved and before several of the claimants have even sued Schrein. We do not know the specific claims that may be brought against Schrein, e.g., whether the claims involve solely sexual acts or intentional torts, or include other acts or professional negligence. Moreover, even if we knew the specific claims that may be brought against Schrein, we do not have the requisite knowledge of what discovery may reveal or, more importantly, what verdict may be rendered by the fact finder. In *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981), citing two earlier cases, we recognized that there might be appropriate circumstances wherein a carrier's obligation to pay could be determined prior to a determination of an insured's liability. See, also, *Columbia Nat. Ins. v. Pacesetter Homes*, 248 Neb. 1, 532 N.W.2d 1 (1995). The facts of the instant case do not present such a circumstance.

We have held that declaratory judgment does not lie where another equally serviceable remedy is available. *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994); *Hoiengs v. County of Adams*, 245 Neb. 877, 516 N.W.2d 223 (1994); *Barelmann v. Fox*, 239 Neb. 771, 478 N.W.2d 548 (1992). Here, the wrong has occurred, and declaratory relief

with respect to the claimants is not necessary to protect Medical Protective from the accrual of further damages or to guide it in some future act. Any of Medical Protective's defenses or assertions of noncoverage can be presented without any consequential harm to Medical Protective if or when any of the claimants seeks to garnish policy proceeds as a result of a judgment against Schrein.

In these circumstances, we hold that Medical Protective's attempt to obtain a declaration of noncoverage that would be binding on an injured person in a later action is inappropriate, since more effective relief can and should be obtained in other proceedings. See *Ryder Truck Rental v. Rollins, supra* (citing *Aetna Casualty & Surety Co. v. Yeatts*, 99 F.2d 665 (4th Cir. 1938) (benefits of declaratory judgment should not be extended unless there is actual controversy between parties, and even then court should not decide disputed question if result would be merely to anticipate trial of issue involved in pending case or to determine validity of defense which could be tried equally well therein or to try controversy piecemeal without complete decision of matters in dispute)). However, since the claimants did not have standing with respect to the contractual issues (i.e., duty to defend and coverage) between Medical Protective and Schrein, see *State v. Baltimore*, 242 Neb. 562, 495 N.W.2d 921 (1993), our holding does not affect the declaratory judgment that was rendered in favor of Medical Protective and against Schrein.

In light of our holding, it is unnecessary to consider any of the other assigned errors in this matter.

## CONCLUSION

Accordingly, we conclude that the district court erred in exercising subject matter jurisdiction over the claimants in this matter. We, therefore, reverse the judgment of the district court and remand the cause with the direction that the judgment against the named claimants be dismissed.

REVERSED AND REMANDED WITH DIRECTION TO DISMISS.

WRIGHT, J., not participating.