MARIS BENTLEY, APPELLEE, V. SCHOOL DISTRICT NO. 025
OF CUSTER COUNTY, NEBRASKA, ALSO KNOWN AS
BROKEN BOW PUBLIC SCHOOLS, A POLITICAL SUBDIVISION
OF THE STATE OF NEBRASKA, APPELLANT.

586 N.W. 2d 306

Filed October 23, 1998.   No. S-97-597.

John F. Recknor, of Recknor & Associates, for appellant.

Scott J. Norby, of McGuire and Norby, for appellee.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ., and IRWIN, Chief Judge, and INBODY, Judge.

MCCORMACK, J.

## NATURE OF CASE

Appellee, Maris Bentley, brought an action for declaratory judgment in the district court for Custer County, Nebraska,

requesting that the trial court find that appellant, Custer County School District No. 025, also known as Broken Bow Public Schools, did not properly notify appellee of the proposed non-renewal of her probationary teaching contract and that her contract was therefore renewed. The trial court held that appellant did not properly notify appellee prior to April 15, 1996, as required by Neb. Rev. Stat. § 79-12,114 (Reissue 1994), and that the failure to properly notify resulted in appellee's continuing employment. We affirm.

## BACKGROUND

During the 1995-96 school year, appellee was a certificated probationary teacher for appellant. The 1995-96 school year was appellee's third year with appellant and third year as the secondary guidance counselor. Appellee received evaluations for each semester of the 1995-96 school year as required by statute. On April 10, 1996, Don Bartholomew, principal of Broken Bow High School, gave appellee her written evaluation for that semester. The bottom section of the one-page evaluation, entitled "Recommendation," stated:

> It is evident to me that you do not possess the necessary organizational skills needed to carry out the duties for this position, and at a level acceptable at Broken Bow High School. Therefore, my recommendation to the Superintendent and the Board of Education will be non-renewal of your contract for the 1996-97 school year.

The evaluation was accompanied by a cover page which specified the document was "TO: Dr. Timothy Shafer," superintendent of Broken Bow Public Schools, and "FROM: Don Bartholomew."

On April 12, 1996, appellee spoke with Shafer about the evaluation she received on April 10. Appellee asked Shafer about a "win-win" situation, in which Shafer would offer appellee a contract for the next school year and appellee would then resign. Shafer declined appellee's offer and told her that she should just resign. On April 13, appellee called James Christen, president of the school board, at his home, wanting to discuss "her situation." Christen told appellee he could not discuss the situation with her.

On April 16, 1996, Shafer hand delivered a letter to appellee which stated that he intended to recommend to the school board that appellee's contract not be renewed. The letter also explained appellee's right to have a hearing on the matter and how to go about requesting such a hearing. After receiving the letter, appellee spoke with Sue Fullerton, a staff member of the Nebraska State Education Association, who told appellee the notification was late and that appellee might be waiving her rights if she were to request a hearing at that point. Appellee did not request a hearing.

By letter dated April 29, 1996, appellee's counsel notified Shafer that appellee considered her contract automatically renewed and accepted employment as a member of appellant's staff for the 1996-97 school year.

On May 13, 1996, the school board adopted a resolution not to renew appellee's contract, thereby ending appellee's employment with appellant.

The trial court ruled that the evaluation appellee received on April 10, 1996, did not serve as "formal" notice of the proposed nonrenewal of appellee's contract as required by § 79-12,114. The trial court further found that appellant's failure to properly notify appellee prior to April 15 resulted in appellee's continued employment with appellant. The trial court did not rule on whether a declaratory action was the proper action for appellee.

## ASSIGNMENTS OF ERROR

Appellant assigns that the trial court erred in (1) failing to find that declaratory relief was not appropriate in this case; (2) failing to find that this action should have been brought as a petition in error; (3) failing to dismiss this action for being brought out of time because it should have been brought as a petition in error; (4) finding that appellee's evaluation on April 10, 1996, did not serve as sufficient notice of her nonrenewal; and (5) finding that § 79-12,114 has a "formal" notice requirement.

## STANDARD OF REVIEW

In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the conclusion reached by the trial

court. *Jones v. Clarke*, 253 Neb. 161, 568 N.W.2d 897 (1997); *Pig Pro Nonstock Co-op v. Moore*, 253 Neb. 72, 568 N.W.2d 217 (1997); *Burke v. Blue Cross Blue Shield*, 251 Neb. 607, 558 N.W.2d 577 (1997).

Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Fitzke v. City of Hastings, ante* p. 46, 582 N.W.2d 301 (1998); *Wortman v. Unger*, 254 Neb. 544, 578 N.W.2d 413 (1998); *Janssen v. Tomahawk Oil Co.*, 254 Neb. 370, 576 N.W.2d 787 (1998).

## ANALYSIS

### NOTICE

The first issue to be determined is notice. Appellee claims the letter from Shafer advising that Shafer was recommending to the school board that appellee's contract not be renewed and advising appellee of her right to a hearing, which letter was hand delivered by Shafer to appellee on April 16, 1996, did not comply with Neb. Rev. Stat. § 79-12,111(3) (Reissue 1994) and § 79-12,114.

Section 79-12,111(3) requires that when the school board, the superintendent, or the superintendent's designee determines that it is appropriate to consider the nonrenewal of a probationary certificated employee's contract, such employee must be given written notice that the school board will be considering the non-renewal of such employee's contract. We read § 79-12,111(3) in connection with § 79-12,114, which states in pertinent part, "Any probationary or permanent certificated employee whose contract of employment may be amended, terminated, or not renewed for the next school year shall be notified in writing on or before April 15 of each year of such possible action on the contract." Under § 79-12,111(3), only the superintendent or the superintendent's designee can determine and recommend to the school board that it should consider the nonrenewal of a teaching contract. Once the school board, superintendent, or superintendent's designee makes this determination, one of those three must give notice to the teacher that the school board will be considering nonrenewal of such teacher's contract.

Appellant claims the evaluation appellee received on April 10, 1996, from Bartholomew provided appellee the written notice required by §§ 79-12,111(3) and 79-12,114. We find that the evaluation does not satisfy the requirements of § 79-12,111(3). The evaluation was given to appellee by Bartholomew, and the cover page directed that the document was "TO: Dr. Timothy Shafer" and "FROM: Don Bartholomew." Therefore, the evaluation reflected only Bartholomew's suggestion to Shafer that appellee's contract not be renewed. Even though the evaluation stated that Bartholomew was recommending to Shafer and to the school board that appellee's contract not be renewed, Bartholomew did not have the authority to make such a recommendation to the school board. Under § 79-12,111(3), only Shafer or his designee had the authority to make a recommendation to the school board that it consider the nonrenewal of appellee's contract and, in addition, it was Shafer's or his designee's responsibility to give appellee notice of the school board's considering nonrenewal of her contract.

We find no evidence in the record that Bartholomew was the superintendent's designee. A principal and superintendent have separate and distinct duties, and there is nothing in the record to indicate that Shafer gave Bartholomew any instruction or authority that would make Bartholomew the superintendent's designee. The fact that Bartholomew evaluates the teachers and makes recommendations to Shafer does not make him the superintendent's designee. The testimony is undisputed that only Shafer, not Bartholomew, had the authority to make recommendations to the school board regarding the nonrenewal of contracts. This is further confirmed by the fact that Bartholomew's recommendation concerning appellee was directed to Shafer, rather than to the school board. Bartholomew had no authority to recommend the nonrenewal of appellee's contract. Therefore, either the school board or Shafer had to notify appellee of the possible nonrenewal of her contract before April 15, 1996. Shafer did attempt to give appellee notice on April 16, but this notice was untimely. Therefore, appellant failed to give sufficient statutory notice to appellee as required by § 79-12,114, and as such, it constituted no notice at all.

## DECLARATORY JUDGMENT

Appellant contends that appellee should have brought this action as a petition in error as opposed to a declaratory judgment.

This court has consistently recognized that a declaratory judgment action should not be entertained where another equally serviceable remedy is available. *Hauserman v. Stadler*, 251 Neb. 106, 554 N.W.2d 798 (1996); *Ryder Truck Rental v. Rollins*, 246 Neb. 250, 518 N.W.2d 124 (1994); *Zarybnicky v. County of Gage*, 196 Neb. 210, 241 N.W.2d 834 (1976). Appellant asserted that appellee had an equally serviceable remedy, a petition in error.

Petition-in-error jurisdiction is limited by statute to a review of "[a] judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court . . . ." Neb. Rev. Stat. § 25-1901 (Reissue 1995). In order for a petition in error to be an equally serviceable remedy for appellee, we would have to conclude that the decision of the school board not to renew appellee's contract was a judicial or quasi-judicial decision.

Since the notice delivered to appellee on April 16, 1996, was a nullity, there was no valid action that the school board could have taken on the recommendation contained in the notice. As such, the school board did not exercise any judicial function in regard to that notice, and a petition in error would not be appropriate.

A declaratory judgment action is to declare the rights, status, or other legal relations between the parties. Neb. Rev. Stat. § 25-21,149 (Reissue 1995).

Declaratory judgment was a proper remedy in this case. Under Neb. Rev. Stat. § 25-21,150 (Reissue 1995):

> Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status or other legal relations thereunder.

In *Baker's Supermarkets v. State*, 248 Neb. 984, 991-92, 540 N.W.2d 574, 580 (1995), this court specifically stated that "the Uniform Declaratory Judgments Act provides that any person whose rights are affected by a statute may have determined any question of construction or validity under the statute and obtain a declaration of rights." Appellee's case involves issues concerning appellee's employment contract and her continuing employment rights under §§ 79-12,111 and 79-12,114. Appellee's rights and status as a teacher are affected by the way these statutes are interpreted.

We do not need to address appellant's third assignment of error, that the trial court erred in not dismissing appellee's claim for being outside the time allowed for filing a petition in error with the trial court. We have already concluded that a petition in error was not an appropriate action for appellee and that, therefore, it is irrelevant whether appellee filed her action outside of the time allowed for a petition in error.

### CONCLUSION

We conclude that declaratory relief was the appropriate action for appellee to take in bringing this case; that the April 10, 1996, written evaluation did not constitute statutory notice; and that the April 16 notice was untimely. For the reasons stated herein, we affirm the judgment of the trial court.

AFFIRMED.

WHITE, C.J., not participating.